IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01804-MJW

FLAVIE BONDEH BAGOUE, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

DEVELOPMENTAL PATHWAYS, INC. and CONTINUUM OF COLORADO, INC.,

    Defendants

_____

**SCHEDULING ORDER**
_____

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

A scheduling conference pursuant to FED. R. CIV. P. 16(b) is scheduled for October 26, 2016 at 10:30 a.m. MST in Courtroom A502 of the Alfred A. Arraj United States Courthouse before the Honorable Michael J. Watanabe.

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Brian D. Gonzales<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>242 Linden Street<br>Fort Collins, Colorado 80524<br>Telephone: (970) 214-0562 | Jason D. Melichar, Esq.<br>Henry L. Solano, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker, LLP<br>1225 17th Street, Suite 2750<br>Denver, CO 80202<br>Telephone: (303) 573-5300 |
| Alexander Hood<br>TOWARDS JUSTICE<br>1535 High Street, Suite 300<br>Denver, Colorado 80218<br>Telephone: (720) 239-2606 | Christopher J. Forrest<br>MILLER & STEIERT, P.C.<br>1901 W. Littleton Blvd.<br>Littleton, CO 80120<br>Telephone: (303) 798-2525 |

1

## 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 29 U.S.C. §216(b) (Fair Labor Standards Act).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Wage Order"), contain various rules regarding the minimum wage and overtime. Defendants own and operate a chain of "group homes" in Colorado. Plaintiff, an hourly, non-exempt employee of Defendants, alleges that Defendants failed to pay her and other employees all earned straight time and overtime pay. In particular, Plaintiff alleges that Defendants illegally deducted time from her pay for purported sleeping time and/or failed to pay the overtime premium for hours worked in excess of twelve per day. This action seeks compensation (including attorney's fees, liquidated damages and/or statutory penalties) for all employees subjected to these statutory violations.

b.   Defendants:

Defendants have not violated any federal or state law regarding compensation to Plaintiff. More specifically, as Plaintiff has conceded, Defendants provide compensation for all work time and have implemented a 24 hour work shift (Continuous Work Shift) that pursuant to federal law and interpretation of the U.S. Department of Labor complies

with the FLSA regarding sleep time as wait time and, therefore, not compensable. Defendants have also complied with applicable law by compensating Plaintiff where appropriate for preliminary and postliminary time (except for time of less than approximately 7 minutes) such that that time is exempt from the FLSA including the Portal to Portal Act amendment to the FLSA, is de minimis or is appropriate rounding of time. Further, there is no overtime claim under the Colorado Minimum Wage and Wage Claim Act as the Director of the Colorado Department of Labor, Division of Labor Standards and Statistics, has exempted Defendants from the Wage Order that would otherwise govern work and compensation under Colorado law. Defendants have filed a motion to dismiss which in addition to applicable law and case authority provides Plaintiff's time records, all of which establish failure to state a claim. Finally, Defendants' dispute Plaintiff's characterization that they operate a "chain of group homes" as grossly inaccurate.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.     Plaintiff was an employee of Defendant Continuum of Colorado, Inc. for three years preceding this action.

2.     For each of the three years preceding the filing date of this lawsuit, each Defendant has had the requisite gross volume of sales within the meaning of the FLSA.

3.     Since at least three years prior to the filing date of this lawsuit, the Defendants have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

4.      While working for Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

### 5.  COMPUTATION OF DAMAGES

*Plaintiff:*   The records Plaintiff requires to calculate damages specifically remain in the possession of Defendants.  Therefore, until discovery is complete, Plaintiff cannot provide a precise damage figure.  In general, however, Plaintiff seeks the following on behalf of herself and any putative class members: retroactive payment of all unpaid straight time and overtime wages.  Plaintiff also seeks injunctive relief, statutory penalties and/or liquidated damages, interest, attorney's fees and litigation expenses.

*Defendants:*   Defendants have not answered Plaintiff's Complaint as a Motion to Dismiss is pending.  However, it is not anticipated at this time that any counterclaim will be filed for which damages could be sought, so there is no computation of damages to be identified.

### 6.  REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING ORDERED UNDER FED. R. CIV. P. 26(F)

a.     Date of Rule 26(f) meeting:

The parties convened a telephone conference on September 13 and September 16, 2016, to discuss the matters set forth in Rule 26(f).

b.     Names of each participant and the party he/she represented:

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Brian D. Gonzales | Jason D. Melichar, Esq. |
| THE LAW OFFICES OF BRIAN D. GONZALES, PLLC | Henry L. Solano, Esq. |
| | Wilson Elser Moskowitz Edelman & Dicker, LLP |
| 242 Linden Street | 1225 17th Street, Suite 2750 |
| Fort Collins, Colorado 80524 | Denver, CO 80202 |
| | Telephone: (303) 573-5300 |
| Alexander Hood | |
| Attorney and Director of Litigation | Christopher J. Forrest |
| TOWARDS JUSTICE | MILLER & STEIERT, P.C. |
| 1535 High St., Suite 300 | 1901 W. Littleton Blvd. |
| Denver, Colorado 80218 | Littleton, CO 80120 |

c.  <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made</u>:

The Rule 26(a)(1) initial disclosures will be completed by both parties on or before October 25, 2016.

d.  <u>Proposed Changes, if any, in timing of requirement of disclosures under Fed. R. Civ. P. 26(a)(1)</u>:

See above.

e.  <u>A statement concerning any agreements to conduct informal discovery</u>:

The parties have made no specific agreements as to any informal discovery.

f.  <u>A statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system</u>:

        The parties have not reached any agreements related to reducing discovery or litigation costs. The parties will use a unified exhibit number system.

g. <u>A statement as to whether the parties anticipate that their claims or defenses may involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form</u>:

The parties do not anticipate that their claims or defenses may involve extensive electronically stored information. However, if there are extensive electronically stored information the parties have agreed to work cooperatively toward producing any such relevant data in a mutually agreeable format, pursuant to FED. R. CIV. P. 34.

h. <u>A statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>:

The parties certify that they have held preliminary discussions regarding the possibilities for a prompt settlement or resolution of the case including by alternative dispute resolution, and are continuing to discuss such possibilities. The results of any resolution including by alternative dispute resolution process will

be reported to the magistrate judge within ten days of the meeting.

## 7. CONSENT

a. ( ) All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.

b. ( X ) All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a. <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:</u>

None. Each side may conduct no more than 10 depositions, and may serve no more than 25 interrogatories, pursuant to FED. R. CIV. P. 30(a)(2)(A) and FED. R. CIV. P. 33(a)(1), respectively.

b. <u>Limitations which any party proposes on the length of depositions:</u>

The presumptive limits under FED. R. CIV. P. 30(d) shall apply to the length of depositions.

c. <u>Limitations which any party proposes on the number of requests for production and/or requests for admission:</u>

Each side shall be limited to 25 requests for production and 25 requests for admission. If it becomes apparent that additional discovery requests are necessary, the parties will confer and file the appropriate motion to seek discovery beyond these limits.

7

      d.      <u>Other Planning or Discovery Orders:</u> Plaintiff, will file any motion for F<small>ED</small>. R. C<small>IV</small>. P<small>ROC</small>. 23 class action certification and/or FLSA §216(b) collective action certification by April 26, 2017.  If a class and/or collective action is certified, the parties will meet and confer regarding modifications to the discovery cut-off, dispositive motion deadline and/or expert witness disclosure deadline to reflect the certified action.

## 9. CASE PLAN AND SCHEDULE

**Defendants' Position:** Defendants have filed a Motion to Stay Discovery and the related deadlines listed below until disposition of the Motion to Dismiss or six (6) months, whichever occurs first.  This is based on the public nature of the function performed by Defendants as non profit service providers for services to developmentally disabled persons from federal, state and local governmental funds, which should be protected and preserved.  This is especially so given the clear failure by Plaintiff to state a claim in the first instance, substantiated by the failure to assert facts by pleading and as further corroboration that providing an opportunity to amend the complaint is not useful.  Simply put, the time records completed by Plaintiff demonstrate the lack of good faith pleading necessary for factual allegations as opposed to her vague conclusory statements to state a violation of the FLSA and existence of the Colorado Department of Labor exemption of Defendants from the Colorado labor laws relied on by Plaintiff.  Even if very limited discovery were permitted related to the Motion to Dismiss, it should be narrowly tailored to Plaintiff and the specific claims she has asserted in the Complaint.

If there is not a stay of discovery, Defendants would seek to bifurcate the discovery process with adjustment of the other scheduled dates accordingly.  This is especially important because a collective action is asserted under the FLSA (requiring opt in)  and a class action under the Colorado labor laws (assuming, *arguendo*, applicability of the Colorado labor law despite the written exemption).  This would be to determine who are parties to this action (FLSA collective action and Colorado labor law class certification) should the Motion to Dismiss be denied, in whole or in part.  This will allow for an orderly and cost effective determination of the parties and, therefore, the applicable scope of discovery and further issues in this matter. The dates listed below by Defendants reflect the approach urged by them.

**Plaintiff's Position:**  Plaintiff opposes Defendants' Motion to Stay Discovery because it will cause unnecessary delay and will unduly prejudice absent class members in that: 1) existing contact information will grow stale with the passage of time; and 2) the statute of limitations will continue to run on certain aspects of absent class member claims.  Moreover, as discussed below, the parties already have agreed to limit discovery, which will ensure that discovery during the pendency of the Motion to Dismiss will be proportionate to the needs of the case.  In any event, most of the issues raised in Defendants' Motion to Dismiss are based on disputed fact issues and, therefore, Plaintiff will require discovery in order to respond.

     a.     <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>:  December 12, 2016.  These deadlines shall not apply to putative class or collective action members who elect to join the lawsuit after certification of a class or collective action or

after it is determined that a class or collective action will not proceed or be certified. At that time, putative class action members may join the lawsuit and/or amend the pleadings to reflect any additional claims they may have.

      b.     <u>Discovery Cut-Off</u>:

**Plaintiff's Position:** All discovery shall be completed no later than August 30, 2017, although this deadline may be modified if a class and/or collective action is certified. During the discovery period, Plaintiff may seek discovery relating to Defendants' Motion to Dismiss. In addition, Plaintiff may seek discovery related to class and/or collective action certification issues including discovery relating to: 1) the corporate structure and business relationship, if any, between and among the Defendants; 2) the number and types of employees employed by Defendants who provide care to Defendants' clients, including each employee's job responsibilities and compensation; 3) Defendants' record-keeping systems related to employees who provide care to Defendants' clients; and 4) any overtime or other exemptions claimed by Defendants in this litigation.

**Defendants' Position:** To the extent Plaintiff seeks discovery related to Defendants' pending Motion to Dismiss, Defendants' propose that such discovery be required to be completed by December 1, 2016, and that no other discovery be sought or permitted until such time as the Motion to Dismiss is determined.

To the extent Plaintiff seeks discovery related to class and/or collective action certification issues identified immediately above, Defendants request that such discovery shall not begin until 30 days after the complete submission of pleadings

related to the Motion to Dismiss, or January 1, 2017, whichever is later. Defendants request that any collective or class action certification discovery be completed 60 days thereafter with any motion related to collective or class action being filed by April 1, 2017. Defendants request that discovery then begin after May 1, 2017, with a discovery cut-off of August 30, 2017.

    c.    <u>Dispositive Motion Deadline</u>: Dispositive motions, including motions for summary judgment or partial summary judgment, must be filed no later than September 30, 2017, although this deadline may be modified if a class and/or collective action is certified.

    d.    <u>Expert Witness Disclosure</u>:

        (1)    Anticipated fields of expert testimony.

**Plaintiff's Position:** Plaintiff has preliminarily identified the following fields of expertise: Accounting

**Defendants' Position:** The Defendants' use of expert witnesses will be dependent on experts identified and sought to be used by Plaintiff for rebuttal purposes. Defendants do not at this time anticipate the use of expert testimony other than for rebuttal evidence, especially since it is not anticipated that a counterclaim will be filed.

        (2)    Limitations proposed on the use or number of expert witnesses:

            2 expert witnesses per side, excluding rebuttal witnesses.

        (3)    Plaintiff and Defendant shall designate all affirmative testimony experts and provide opposing counsel with all information specified in FED. R. CIV. P.

26(a)(2) on or before July 15, 2017, although this deadline may be modified if a class and/or collective action is certified.

   (4) Plaintiff and Defendants shall designate all rebuttal experts and provide opposing counsel with all information specified in F<small>ED</small>. R. C<small>IV</small>. P. 26(a)(2) on or before August 15, 2017, although this deadline may be modified if a class and/or collective action is certified.

   (5) Notwithstanding the provisions of F<small>ED</small>. R. C<small>IV</small>. P. 26(a)(2)(B), no exception to the requirements of this rule will be allowed by stipulation of the parties unless the stipulation is approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(VII), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

  e. <u>Identification of Persons to be Deposed</u>:

   Plaintiff: F<small>ED</small>. R. C<small>IV</small>. P. 30(b)(6) Depositions of each Defendant.

   Defendants: Plaintiff

   Subject to the terms of this Scheduling Order and without further Order of the Court, the parties may depose other persons as the necessity of such depositions becomes known.

  f. <u>Deadline for Interrogatories</u>: The cutoff for service of interrogatories shall be 33 days before the discovery cutoff set forth for class certification in Paragraph 9(b) above.

g.  Deadline for Requests for Production of Documents and/or Admissions:

The cutoff for service of requests for production shall be 33 days before the discovery cutoff set forth for class certification in Paragraph 9(b) above.

## 10. DATES FOR FUTURE CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

b.  A final pretrial conference will be held in this case on _____ at _____ o'clock ___ .m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

See above related to the anticipated Motion to Stay Discovery and the bifurcated discovery schedule.

b.  Anticipated length of trial, and whether trial is to the court or jury:

5 days, to the Court.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only by order of the Magistrate Judge and only upon a showing of good cause.

DATED this _____ day of _____, 2016

BY THE COURT:

_____
Magistrate Judge

SCHEDULING ORDER APPROVED AS TO FORM:

*/s/ Brian D. Gonzales*_____
Brian D. Gonzales

T̲h̲e̲ L̲a̲w̲ O̲f̲f̲i̲c̲e̲s̲ o̲f̲ B̲r̲i̲a̲n̲ D.
 G̲o̲n̲z̲a̲l̲e̲s̲, PLLC
242 Linden Street
Fort Collins, Colorado 80524
BGonzales@ColoradoWageLaw.com

Alexander Hood
Attorney and Director of Litigation
T̲o̲w̲a̲r̲d̲s̲ J̲u̲s̲t̲i̲c̲e̲
1535 High St., Suite 300
Denver, Colorado 80218
alex@towardsjustice.org

ATTORNEYS FOR PLAINTIFF

 */s/ Jason D. Melichar*
Jason D. Melichar, Esq.
Henry L. Solano, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
Telephone: (303) 573-5300
 *Jason.Melichar@wilsonelser.com*
 *Henry.Solano@wilsonelser.com*

Christopher J. Forrest
M̲i̲l̲l̲e̲r̲ & S̲t̲e̲i̲e̲r̲t̲, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120
CJForrest@m-s-lawyers.com

ATTORNEYS FOR DEFENDANTS