IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01804-PAB-MJW

FLAVIE BONDEH BAGOUE, on behalf of herself and all similarly situated persons,

Plaintiff,

v.

DEVELOPMENTAL PATHWAYS, INC. and CONTINUUM OF COLORADO, INC.,

Defendants

---

## SCHEDULING ORDER REGARDING CLASS CERTIFICATION ONLY

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A scheduling conference pursuant to FED. R. CIV. P. 16(b) is scheduled for October 26, 2016 at 10:30 a.m. MST in Courtroom A502 of the Alfred A. Arraj United States Courthouse before the Honorable Michael J. Watanabe.

Attorneys for Plaintiff

Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado 80524
Telephone: (970) 214-0562

Alexander Hood
TOWARDS JUSTICE
1535 High Street, Suite 300
Denver, Colorado 80218
Telephone: (720) 239-2606

Attorneys for Defendants

Jason D. Melichar, Esq.
Henry L. Solano, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
Telephone: (303) 573-5300

Christopher J. Forrest
MILLER & STEIERT, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120
Telephone: (303) 798-2525

## 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 29 U.S.C. §216(b) (Fair Labor Standards Act).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Wage Order"), contain various rules regarding the minimum wage and overtime.  Defendants own and operate a chain of "group homes" in Colorado. Plaintiff, an hourly, non-exempt employee of Defendants, alleges that Defendants failed to pay her and other employees all earned straight time and overtime pay. In particular, Plaintiff alleges that Defendants illegally deducted time from her pay for purported sleeping time and/or failed to pay the overtime premium for hours worked in excess of twelve per day. This action seeks compensation (including attorney's fees, liquidated damages and/or statutory penalties) for all employees subjected to these statutory violations.

b.   Defendants:

Defendants have not violated any federal or state law regarding compensation to Plaintiff.  More specifically, as Plaintiff has conceded, Defendants provide compensation for all work time and have implemented a 24 hour work shift (Continuous Work Shift) that pursuant to federal law and interpretation of the U.S. Department of Labor complies

with the FLSA regarding sleep time as wait time and, therefore, not compensable. Defendants have also complied with applicable law by compensating Plaintiff where appropriate for preliminary and postliminary time (except for time of less than approximately 7 minutes) such that that time is exempt from the FLSA including the Portal to Portal Act amendment to the FLSA, is de minimis or is appropriate rounding of time. Further, there is no overtime claim under the Colorado Minimum Wage and Wage Claim Act as the Director of the Colorado Department of Labor, Division of Labor Standards and Statistics, has exempted Defendants from the Wage Order that would otherwise govern work and compensation under Colorado law. Defendants have filed a motion to dismiss which in addition to applicable law and case authority provides Plaintiff's time records, all of which establish failure to state a claim. Finally, Defendants' dispute Plaintiff's characterization that they operate a "chain of group homes" as grossly inaccurate.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was an employee of Defendant Continuum of Colorado, Inc. for three years preceding this action.

2. For each of the three years preceding the filing date of this lawsuit, each Defendant has had the requisite gross volume of sales within the meaning of the FLSA.

3. Since at least three years prior to the filing date of this lawsuit, the Defendants have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

4. While working for Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

## 5. COMPUTATION OF DAMAGES

*Plaintiff:* The records Plaintiff requires to calculate damages specifically remain in the possession of Defendants. Therefore, until discovery is complete, Plaintiff cannot provide a precise damage figure. In general, however, Plaintiff seeks the following on behalf of herself and any putative class members: retroactive payment of all unpaid straight time and overtime wages. Plaintiff also seeks injunctive relief, statutory penalties and/or liquidated damages, interest, attorney's fees and litigation expenses.

*Defendants:* Defendants have not answered Plaintiff's Complaint as a Motion to Dismiss is pending. However, it is not anticipated at this time that any counterclaim will be filed for which damages could be sought, so there is no computation of damages to be identified.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING ORDERED UNDER FED. R. CIV. P. 26(F)

a. Date of Rule 26(f) meeting:

The parties convened a telephone conference on September 13 and September 16, 2016, to discuss the matters set forth in Rule 26(f).

b. Names of each participant and the party he/she represented:

Attorneys for Plaintiff
Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado 80524

Alexander Hood
Attorney and Director of Litigation
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, Colorado 80218

Attorneys for Defendants
Jason D. Melichar, Esq.
Henry L. Solano, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
Telephone: (303) 573-5300

Christopher J. Forrest
MILLER & STEIERT, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

The Rule 26(a)(1) initial disclosures will be completed by both parties on or before October 25, 2016.

d. Proposed Changes, if any, in timing of requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

See above.

e. A statement concerning any agreements to conduct informal discovery:

The parties have made no specific agreements as to any informal discovery.

f. A statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

        The parties have not reached any agreements related to reducing discovery or litigation costs. The parties will use a unified exhibit number system.

g. A statement as to whether the parties anticipate that their claims or defenses may involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties do not anticipate that their claims or defenses may involve extensive electronically stored information. However, if there are extensive electronically stored information the parties have agreed to work cooperatively toward producing any such relevant data in a mutually agreeable format, pursuant to FED. R. CIV. P. 34.

h. A statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

The parties certify that they have held preliminary discussions regarding the possibilities for a prompt settlement or resolution of the case including by alternative dispute resolution, and are continuing to discuss such possibilities. The results of any resolution including by alternative dispute resolution process will

be reported to the magistrate judge within ten days of the meeting.

**7. CONSENT**

a. ( ) All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.

b. (X) All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

**8. DISCOVERY LIMITATIONS**

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

Each side may conduct no more than 2 depositions, and may serve no more than 25 interrogatories, pursuant to FED. R. CIV. P. 30(a)(2)(A) and FED. R. CIV. P. 33(a)(1), respectively.

b. Limitations which any party proposes on the length of depositions:

Seven hours per deponent.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission:

Each party shall be limited to 15 requests for production and each side shall be limited to 10 requests for admission. If it becomes apparent that additional discovery requests are necessary, the parties will confer and file the appropriate motion to seek discovery beyond these limits.

    d. Other Planning or Discovery Orders: Plaintiff, will file any motion for FED. R. CIV. PROC. 23 class action certification and/or FLSA §216(b) collective action certification by February 28, 2017. If a class and/or collective action is certified, the parties will meet and confer regarding modifications to the discovery cut-off, dispositive motion deadline and/or expert witness disclosure deadline to reflect the certified action.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: December 12, 2016. These deadlines shall not apply to putative class or collective action members who elect to join the lawsuit after certification of a class or collective action or after it is determined that a class or collective action will not proceed or be certified. At that time, putative class action members may join the lawsuit and/or amend the pleadings to reflect any additional claims they may have.

b. Discovery Cut-Off: February 14, 2017

c. Dispositive Motion Deadline: February 28, 2017.

d. Expert Witness Disclosure: No experts for class certification phase of discovery.

e. Identification of Persons to be Deposed:

Plaintiff: FED. R. CIV. P. 30(b)(6) Depositions of each Defendant.

Defendants: Plaintiff

f. Deadline for Interrogatories: The cutoff for service of interrogatories shall be January 10, 2017.

g. Deadline for Requests for Production of Documents and/or Admissions: The cutoff for service of requests for production shall be January 10, 2017.

**10. DATES FOR FUTURE CONFERENCES**

a. A telephone status conference will be held in this case at the following dates and times: December 14, 2016 at 9:00 am MST.

b. A final pretrial conference will be held in this case on _______________ at _____ o'clock __ .m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

None.

b. Anticipated length of trial, and whether trial is to the court or jury:

5 days, to the Court.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only by order of the Magistrate Judge and only upon a showing of good cause.

Dated this 26th Day of October 2016.

BY THE COURT:

Michael J. Watanabe
U.S. Magistrate Judge
District of Colorado

SCHEDULING ORDER APPROVED AS TO FORM:

*/s/ Brian D. Gonzales*
Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado 80524
BGonzales@ColoradoWageLaw.com

Alexander Hood
Attorney and Director of Litigation
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, Colorado 80218
alex@towardsjustice.org

ATTORNEYS FOR PLAINTIFF

*/s/ Jason D. Melichar*
Jason D. Melichar, Esq.
Henry L. Solano, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
Telephone: (303) 573-5300
*Jason.Melichar@wilsonelser.com*
*Henry.Solano@wilsonelser.com*

Christopher J. Forrest
MILLER & STEIERT, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120
CJForrest@m-s-lawyers.com

ATTORNEYS FOR DEFENDANTS