# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv-01804- PAB-MJW

FLAVIE BONDEH BAGOUE; and those similarly situated

    Plaintiffs,

v.

DEVELOPMENTAL PATHWAYS, INC., and
CONTINUUM OF COLORADO, INC.

    Defendants.

___

**UNOPPOSED MOTION PURSUANT TO PRACTICE STANDARDS III. MOTIONS PRACTICE TO EXCEED PAGE LIMIT FOR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

___

Defendants Developmental Pathways, Inc. and Continuum of Colorado, Inc. ("Defendants"), through counsel, move for permission pursuant to this Honorable Court's Civil Practice Standard III A to exceed the page limit for their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim, and for good cause in support, state as follows:

1. Defendants have conferred with Plaintiff's Counsel and are authorized to state that Plaintiff does not oppose the relief requested herein.

2. The proposed page limit extension for the motion is 34 pages with 70 pages for the Exhibits attached thereto. Defendants assert that the amendments to the original complaint are limited and still vague and conclusory such that this renewed motion to dismiss is appropriate.

1

It is substantially the same as the Original Motion to Dismiss for which the Court authorized Defendants to exceed the page limit.

3. The substance of the Original Motion to Dismiss is retained but supplemented by appropriate changes reflecting the new complaint paragraph numbering, and explanation of the changes from the original complaint. Where appropriate this motion supplements and clarifies arguments and analysis related to the amendments made by Plaintiff. A copy of the proposed motion to dismiss the amended complaint is attached <u>without exhibits</u> as Attachment A.

4. Plaintiff's 23 page 136 paragraph First Amended Complaint (adding 3 pages and 9 paragraphs) asserts 3 claims under the Colorado Wage Claim Act, Minimum Wage and Wage Order (Count 1), the Fair Labor Standards Act ("FLSA") (Count 2), and Colorado common law equity (Count 3).

5. The First Amended Complaint and the Motion to Dismiss the First Amended Complaint cover 3 areas of substantive law. In addition to citations, relevant substantive statements of statutes, regulations and judicial authority are provided to assist in the analysis of the theories and arguments of the parties. The substantive law under the Fair Labor Standards Act is expressed in interpretive regulations and U.S. Department of Labor Operations Manual as well in the judicial opinions which are cited and, where appropriate, restated in the motion to aid in consideration thereof.

6. In addition, the context for services to persons with developmental disabilities, programs and service which are related to the claim for wages for the Plaintiff who was employed in a residential group home for 5 adult developmental disabled individuals is provided to assist in the analysis, which information is not provided in the complaint.

7. Defendants are aware that Rule 12 (b)(6) motions are disfavored and thus the higher standard of scrutiny they are subjected to, especially when Plaintiff has filed an Amended Complaint after having received a motion to dismiss to an original complaint.

8. The information identified in paragraphs 3 through 6 assist in evaluating the approximate 42 assertions (factual and or legal conclusions asserted as fact) needed to be addressed under the traditional and appropriate scrutiny undertaken in consideration of Rule 12(b)(6) motion, given Plaintiff's amendment subsequent to the original dismissal motion.

9. Rule 12(b)(6) motions have been granted, including under the FLSA, where as here an opportunity is provided to address the issues raised by a Plaintiff.

10. The documents attached to the Motion to Dismiss the First Amended Complaint are matters of public record, orders by the Director of the Division of Labor Standards and Statistics, and the actual information related to the worksite and time records based on Plaintiff's report of work activities, specifically those when she was the sole person at the Nevada Group Home. Time records have been and are accepted by the courts to assess liability, if any.

WHEREFORE Defendants believing good cause has been presented, request this Court grant pursuant to Civil Practice Standard III A their request to exceed the page limit on their Motion to Dismiss the First Amended Complaint and for such other relief that is appropriate in consideration of and ruling on this motion to exceed page limit. If granted Defendants will immediately file their Motion to Dismiss Plaintiff's First Amended Complaint with Exhibits pursuant to Fed. R. Civ. P. Rule 12(b)(6).

Dated this 10th day of November, 2016

Respectfully submitted,
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/ Henry L. Solano
Henry L. Solano

Jason D. Melichar
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
(303) 572-5300
Henry.Solano@wilsonelser.com
Jason.Melichar@wilsonelser.com

Chris Forrest
Miller & Steiert, P.C.
1901 West Littleton Boulevard Suite 100
Littleton, CO 80120-2058
(303) 798-2525
cjforrest@m-s-lawyers.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I herby certify that on this 10th day of November, 2016, a true and correct copy of the foregoing *Unopposed Motion Pursuant to Practice Standards III. Motions Practice to Exceed Page Limit for Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)* was filed with the Court via CM/ECF and served thereunder and via e-mail to the following:

Brian David Gonzales
The Law Offices of Brian D. Gonzales,
242 Linden Street
Fort Collins, CO 80524
(970) 214-0562
303-539-9812 (fax)
BGonzales@ColoradoWageLaw.com

Alexander Neville Hood
Towards Justice-Denver
1535 High Street
Suite 300
Denver, CO 80218
(720) 239-2606
(303) 957-2289 (fax)
alex@towardsjustice.org
*Attorneys for Plaintiffs*

                        By:  /s/ Henry L. Solano
                              Henry L. Solano