IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01804-PAB-MJW

FLAVIE BONDEH BAGOUE, and those similarly situated,

Plaintiff,

v.

DEVELOPMENTAL PATHWAYS, INC. and
CONTINUUM OF COLORADO, INC.,

Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) [Docket No. 39]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**[1]

Defendants operate group homes focused on providing care for developmentally disabled adults. Docket No. 33 at 2, ¶ 6-7. For approximately ten years, plaintiff was employed by defendants as a life skills specialist. *Id.* at 1-2, ¶¶ 5-6. By the end of her employment, plaintiff's work consisted almost entirely of 56-hour shifts at the Nevada Group Home, one of several facilities operated by defendants. *Id.* at 2, ¶¶ 6-9.

During plaintiff's ten-year employment, plaintiff worked under defendants' "continuous shift policy." *Id.* at 3, ¶ 14. Under the continuous shift policy, defendants'

---

[1]The facts below are taken from plaintiff's amended complaint, Docket No. 33, and are presumed to be true for purposes of this motion to dismiss.

employees worked approximately 56 consecutive hours before being relieved by another employee. *Id.* at 3, ¶ 15. Plaintiff states that she was only paid for 40 of the 56 hours she worked for each shift. *Id.* at 5, ¶ 30.

Plaintiff alleges that defendants failed to adequately compensate plaintiff for certain categories of time including: time spent communicating with other workers at the beginning and end of her shifts, *id.* at 5, ¶¶ 34-35; sleep time, which was regularly interrupted such that plaintiff did not usually get five hours of continuous and uninterrupted sleep, *id.* at 9, ¶ 59; and extra time worked as a result of the change to daylight savings time. *Id.*, ¶¶ 60-61. Plaintiff also alleges that the sleeping facilities provided by defendants were inadequate because they were not private quarters, separated from the residents of the group home. *Id.* at 10, ¶ 66-67. Plaintiff claims that the staff room set aside for sleeping did not have amenities for recreation, offered little privacy, was illuminated by hallway lights, and that the residents of the group home would enter her sleeping quarters without permission. *Id.* at 10-12, ¶¶ 66-74.

Plaintiff states that she never entered into a formal agreement with defendants to deduct 16 hours of sleep time from her paychecks. *Id.* at 12, ¶ 76. Plaintiff alleges that, "on several occasions [she] objected to Defendants' failure to compensate her for the nighttime hours during her Continuous Shifts." *Id.* at 13, ¶ 81.

As a result of the foregoing conduct, plaintiff seeks relief under the Colorado Minimum Wage Act, Colo. Rev. Stat. §§ 8-4-101, et seq., and Wage Order, 7 Colo. Code Regs. § 1103-1 (first claim for relief); under the Fair Labor Standards Act, 29

U.S.C. § 201, et seq. (second claim for relief); and equitable relief under Colorado law (third claim for relief). Docket No. 33 at 18-21, ¶¶ 114-135.

**II. LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson,* 534 F.3d at 1286 (alteration marks omitted).

**III. ANALYSIS**

Defendants raise three arguments in the motion to dismiss: first, plaintiff has failed to allege sufficient facts regarding uncompensated time; second, plaintiff has failed to allege that the sleeping facilities provided by defendants were inadequate; and, third, plaintiff has impliedly agreed to defendants' sleep time arrangement by working under the continuous shift policy for ten years.[2] Docket No. 39 at 12-22.

---

[2]Defendants' motion to dismiss states that it incorporates by reference 21 pages from their first motion to dismiss, which was mooted by the filing of the amended complaint. *See* Docket No. 39 (stating that the motion to dismiss incorporated pages 1-3, 6-10, 10-12, and 12-18 of the original motion to dismiss). Defendants also seek to

**A. Uncompensated Sleep Time**

Defendants claim that the continuous shift policy used at the Nevada Group Home is permitted by the FLSA. Docket No. 39 at 11. Specifically, defendants rely on 29 C.F.R. § 785.22, which states:

> (a) General. Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.
>
> (b) Interruptions of sleep. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. For enforcement purposes, the Divisions have adopted the rule that if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time.

29 C.F.R. § 785.22 (citations omitted). The regulation requires that, in order for an employer to exclude sleep time, the employee must "usually enjoy an uninterrupted night's sleep," the employer must provide "adequate sleeping facilities," and the parties must have an "expressed or implied agreement" to exclude the sleep time. *Id.*

---

incorporate exhibits attached to the first motion to dismiss, including pictures of the Nevada group home, a letter issued by the Department of Labor and Employment, and plaintiff's time sheets. *Id.*; Docket No. 26-1. On November 10, 2016, defendants filed a motion seeking leave to file a 34-page motion to dismiss the amended complaint. Docket No. 37. The Court denied defendants' request and stated that defendants had leave to file a motion to dismiss not to exceed 28 pages. Docket No. 38. Defendants' attempt to incorporate 21 pages of additional argument into their 22-page motion to dismiss is improper. Accordingly, the Court will not consider the arguments or exhibits incorporated by reference. This includes defendants' argument that they are exempt from Colorado Minimum Wage Orders. *See* Docket No. 26 at 10-12.

Defendants argue that plaintiff has failed to plead a violation of any of the three requirements of § 785.22. Docket No. 39 at 12-20.

***1. Whether Plaintiff Usually Enjoyed an Uninterrupted Night's Sleep***

Defendants contend that plaintiff's FLSA claim should be dismissed because the amended complaint "is devoid of any factual allegations and composed of vague conclusions and unsubstantiated, unspecified suppositions which do not identify how [plaintiff] regularly received less than 5-hours of sleep time." Docket No. 39 at 12. Specifically, defendants claim that plaintiff's failure to plead actual examples of disruptions in excess of three hours is fatal to plaintiff's claim. *Id.* at 13.

The Court finds that plaintiff's pleadings are sufficient to state a claim under the FLSA. Plaintiff describes her nighttime duties and the manner in which they interrupted her sleep. *See* Docket No. 33 at 7-10, ¶¶ 47-65 (stating that plaintiff dealt with interruptions from "bad dream[s]," "medical needs," recording residents' bowel movements, and waiting up for residents). Plaintiff states that "[t]he result of all of the interruptions during the night is that when Ms. Bagoue worked a Continuous Shift she rarely had five continuous and uninterrupted hours during which she could sleep." *Id.* at 10, ¶ 63.

Defendants argue that, even if all of the above examples of sleep interruptions were combined, plaintiff would still have been able to get a total of five hours of sleep during any given sleep window. Docket No. 39 at 13. There are, however, two problems with defendants' argument. First, plaintiff is not required to plead every instance in which her sleep was interrupted, so long as she pleads facts plausibly

supporting her claim. *Iqbal*, 556 U.S. at 678. She has done so. Second, defendants mistake the requirements of the relevant regulation. In order for an employer to institute a policy of excepting sleep time, employees must "usually enjoy an uninterrupted night's sleep." 29 C.F.R. § 785.22(a). When an employer institutes an otherwise valid policy to exclude sleep time, an employer must offer compensation for all sleep time if, on a particular occasion, the employee receives less than five hours of total sleep.[3] 29 C.F.R. § 785.22(b). Plaintiff's FLSA claim falls under the first category: as a result of the continuous shift policy, plaintiff "could not usually enjoy an uninterrupted night's sleep." Docket No. 33 at 10, ¶ 65. Accordingly, plaintiff is not required to allege that on a particular night she received less than five hours of total sleep; instead, plaintiff is required to plead that she could not usually enjoy an uninterrupted night's sleep. By pleading specific examples of how her sleep was regularly interrupted and by claiming that she "rarely had five continuous and uninterrupted hours during which she could sleep," Docket No. 33 at 10, ¶ 63, plaintiff has adequately pled a claim for relief under the FLSA.[4]

---

[3]This distinction is highlighted in Department of Labor bulletins describing compliance with § 785.22(a). *See* U.S. Department of Labor, Field Assistance Bulletin No. 2016-1, *Exclusion of Sleep Time from Hours Worked by Domestic Service Employees* at 13 (April 25, 2016) (distinguishing between "Requirements for excluding an employee's sleep time from hours worked" and "Limitations on exclusion on a particular night"), https://www.dol.gov/whd/FieldBulletins/fab2016_1.pdf.

[4]Defendants attached plaintiff's time sheets to their original motion to dismiss in support of the argument that plaintiff experienced only a limited number of interruptions to her sleep schedule. *See* Docket No. 26-1 at 37-63. Defendants claim that plaintiff has "implicitly referenced" the employment records. Docket No. 39 at 15. The time sheets referred to by defendants are not attached to the current motion to dismiss. As noted above, the Court refuses to consider those materials incorporated into the motion to dismiss by reference. However, even if the Court were to consider the time sheets,

***2. Whether Defendants Provided Adequate Sleeping Facilities***

Defendants argue that plaintiff's claim with respect to sleeping facilities is foreclosed by her characterization of the sleeping quarters as "like a hospital or dorm room." Docket No. 39 at 16-18. The amended complaint asserts that the sleeping facilities provided by defendants were inadequate because they were not private quarters, separated from the residents of the group home. Docket No. 33 at 10, ¶ 66-67. Plaintiff claims that the staff room set aside for sleeping did not have amenities for recreation, offered little privacy, was illuminated by hallway lights, and that the residents of the group home would enter her sleeping quarters without permission. *Id.* at 10-12, ¶¶ 66-74.

Defendants offer no authority for concluding that the sleeping facilities were reasonable as a matter of law. *See* Docket No. 39 at 16-18. None of the cases cited by defendants found dismissal of a claim appropriate at the motion to dismiss stage and only one case squarely considered the adequacy of sleeping facilities. *See VanDyke v. Bluefield Gas Co.*, 210 F.2d 620, 622 (4th Cir. 1954) (refusing to disturb a trial court's findings that sleeping quarters were adequate); *Rokey v. Day & Zimmermann*, 157 F.2d 734, 735-36 (8th Cir. 1946) (discussing facts found by a trial court with respect to sleeping quarters but making no determination as to their adequacy); *Eustice v. Fed. Cartridge Corp.*, 66 F. Supp. 55, 57 (D. Minn. 1946) (relying

---

the amended complaint does not refer to plaintiff's time sheets, implicitly or explicitly, and plaintiff has not conceded the authenticity of the documents. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (discussing the requirements for incorporation by reference). Accordingly, the Court would not have considered the documents attached to defendants' first motion to dismiss.

on stipulated facts and omitting any discussion of the adequacy of "dormitory type" sleeping quarters). In addition, while the cases cited by defendants discuss dormitory type quarters, none discuss the importance of privacy in a group home setting, particularly a facility for developmentally disabled adults.

Defendants have presented no basis for dismissing the portion of plaintiff's claim related to the adequacy of defendants' sleeping facilities. *See Burnison v. Mem'l Hosp., Inc.*, 820 F. Supp. 549, 558 (D. Kan. 1993) ("The ultimate resolution of the sleep period issue turns upon whether the sleeping facilities are *adequate* and whether the plaintiffs *usually* receive an uninterrupted night's sleep. These are distinctly factual questions.").

***3. Whether the Parties had an Express or Implied Agreement***

Defendants argue that plaintiff's employment under the continuous shift policy for ten years constitutes an implicit agreement to be bound by defendants' policy of excluding sleep time. Docket No. 39 at 18-20. The Tenth Circuit recognizes that "an agreement to exempt sleep time from paid work under the FLSA can be implied." *Braziel v. Tobosa Developmental Servs.*, 166 F.3d 1061, 1063 (10th Cir. 1999). So long as an employee understands and acquiesces to a policy exempting sleep time at the time he or she is hired, the employer has complied with § 785.22(a). *See id.* (finding no dispute over the existence of an implied agreement where "it is clear from the record and appellants' pleadings that they became unhappy with the policy sometime after beginning their employment . . . [but] it is equally clear that appellants understood and acquiesced to the policy when they were hired."); *see also Hendricks v.*

*Oklahoma Prod. Ctr. Grp. Homes, Inc.*, 2005 WL 3486008 at *2 (10th Cir. Dec. 21, 2005) (same).

The Court finds that dismissal of this portion of plaintiff's claim is premature. Both *Braziel* and *Hendricks* were decided at the summary judgment stage after the record had been fully developed. *See Braziel*, 166 F.3d at 1062; *Hendricks,* 2005 WL 3486008 at *1. The amended complaint states that, when plaintiff began working under the continuous shift policy, "her understanding was that she would be paid for all hours worked" and that "on several occasions [plaintiff] objected to Defendants' failure to compensate her for the nighttime hours during her Continuous Shifts." Docket No. 33 at 13, ¶ 81. These allegations are sufficient to raise a genuine issue of material fact as to an implied agreement between the parties.

**B. Plaintiff's Other FLSA Claims**

Defendants also seek to dismiss plaintiff's FLSA claims related to daylight savings time and short briefings at the beginning and end of plaintiff's shifts. Docket No. 39 at 15, 20-22.

As to the first issue, the amended complaint states that plaintiff was not paid for an extra hour of work as a result of having to "start awakening the residents an hour earlier on Sunday morning (effectively at 5am instead of 6am)." Docket No. 33 at 9, ¶ 61. Defendants argue that dismissal is appropriate because "the FLSA does not require compensation for one hour due to the time change at either seasonal time as it affects sleep not call to duty." Docket No. 39 at 16. Defendants cite no authority for their claim that plaintiff was not owed compensation for additional time worked as a

result of the time change. *See id*. The Court finds that plaintiff has adequately alleged that she was not paid for an extra hour of work, Docket No. 33 at 9, ¶ 62, and defendants have not provided a basis to dismiss this portion of plaintiff's FLSA claim.

As to the second issue, the amended complaint states that "Defendants require Continuous Shift Workers . . . to arrive before their shifts so the worker can receive a summary of what has happened during the previous shift." Docket No. 33 at 5, ¶ 34. Plaintiff alleges that defendants "do not pay for the time Continuous Shift Workers spend communicating with other workers at the beginning and end of their shifts, but Defendants require Continuous Shift Workers to engage in these types of communications between shifts." *Id.*, ¶ 36. Defendants argue that these briefings were de minimis or preliminary as a matter of law and, thus, plaintiff was not owed compensation for time spent on these briefings. Docket No. 39 at 20-22.

In order to determine whether compensable time is de minimis, the court must consider: "(1) the practical administrative difficulty of recording the additional time; (2) the size of the claim in the aggregate; and (3) whether 'the claimants performed the work on a regular basis.'" *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1333-34 (10th Cir. 1998) (quoting *Reich v. New York City Transit Authority*, 45 F.3d 646, 652 (2d Cir. 1995)). Defendants provide no grounds, based on the allegations of the amended complaint, to deem the three *Reich* factors satisfied as a matter of law.[5]

---

[5]Defendants also refer to the "Portal-to-Portal Act," Docket No. 39 at 21, but the motion to dismiss makes no reference to the contents of the statute or how it would be relevant to plaintiff's claim. Accordingly, the Court does not consider this argument.

The Court finds that dismissal of plaintiff's claims under the FLSA related to daylight savings time and the short briefings is inappropriate at this time.

**C. Plaintiff's Claim for Equitable Relief**

Defendants' motion states "Plaintiff is seeking the alleged wages under federal law. Therefore, the alternative remedial claim under Colorado Common Law Equity in Count 3 is preempted by the FLSA." Docket No. 39 at 10. Defendants cite no authority in the motion to dismiss supporting their argument. Accordingly the Court does not consider defendants' argument. *See* D.C.COLO.LCivR 7.1(d) (requiring that "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion").

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) [Docket No. 39] is denied.

DATED September 25, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge