**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:16-cv-1804-MJW

FLAVIE BONDEH BAGOUE, and those similarly situated

    Plaintiff,

v.

DEVELOPMENTAL PATHWAYS, INC.
CONTINUUM OF COLORADO, INC.

    Defendants.

___

**ANSWER TO FIRST AMENDED COMPLAINT**
___

Defendants Developmental Pathways, Inc. and Continuum of Colorado, Inc., by and through their undersigned counsel, submits their Answer to the First Amended Complaint ("Complaint") upon information and belief as follows:

**AS TO JURISDICTION AND VENUE**

1.    As their response to paragraph 1, Defendants admit that this Court has subject matter jurisdiction over the federal law claims, and jurisdiction over any remaining claims to the extent they form part of the same case or controversy as the federal question.

2.    As their response to paragraph 2, Defendants admit that venue is properly before this Court.

**AS TO THE PARTIES**

3.    Admit the allegations contained in paragraph 3 of the Complaint.

4.    Admit the allegations contained in paragraph 4 of the Complaint.

## AS TO THE STATEMENT OF FACTS

A.   **In Response to "Ms. Bagoue's Work" Allegations**

5.   Deny the allegations contained in paragraph 5 of the Complaint, except admit Plaintiff was employed by Continuum of Colorado, Inc. ("Continuum").

6.   Deny the allegations contained in paragraph 6 of the Complaint, except admit that Plaintiff was employed by Continuum at its Nevada Group Home for developmentally disabled adults.

7.   Deny the allegations contained in paragraph 7 of the Complaint, except admit Plaintiff worked for Continuum during the relevant time period.

8.   Deny the allegations contained in paragraph 8 of the Complaint, except admit Plaintiff was scheduled to work various shifts throughout her tenure as an employee of Continuum.

9.   Deny the allegations contained in paragraph 9 of the Complaint, except admit that while on duty at both Nevada Group Home and other facilities, Plaintiff provided care to residents with developmental, cognitive and/or physical disabilities.

10.   Deny the allegations contained in paragraph 10 of the Complaint, except that Plaintiff received training necessary to serve the residents.

11.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 of the Complaint.

12.   Deny the allegations contained in paragraph 12 of the Complaint.

B.   **In Response to "The Continuous Shift Policy" Allegations**

13.   As paragraph 13 of the Complaint only sets out legal assertions, no response is required and none is proffered.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit they have a policy whereby its residents are provided with all necessary and appropriate coverage.

15. Deny the allegation contained in paragraph 15, except admit that employees are continuously present at the facility.

16. Deny the allegations contained in paragraph 16 of the Complaint except admit that workers are relieved as appropriate by other workers.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Deny the allegations set fort in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit the workers do not permanently reside in the group homes where they work.

20. Admit the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that employees are present in the Nevada Group Home for discrete periods of time.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admit that Defendants operate several group homes and employ more than three employees.

23. Deny the allegations contained in paragraph 23 of the Complaint, except admit that in the multiple homes operated by Defendants, there are multiple workers at the same time.

24. Deny the allegations contained in paragraph 24 of the Complaint, except admit that in the multiple homes operated by Defendants, within the relevant statute of limitations, there have been more than 50 workers.

25. Deny the allegations set forth in paragraph 25 of the Complaint, except admit

Plaintiff was employed by Defendants and generally worked weekends.

26. Deny the allegations set forth in paragraph 26 of the Complaint, except admit Plaintiff was employed by Defendants and generally worked weekends.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint, except admit Plaintiff periodically worked differing shifts.

29. Deny the allegations contained in paragraph 29 of the Complaint, except admit employees were paid for hours worked.

30. Deny the allegations contained in paragraph 30 of the Complaint.

**C.   In Response to "Continuous Shift Work: Constantly On Call, Never Relieved of Duties" Allegations.**

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint, except admit that Plaintiff and other employees are with the residents during the day, helping them with daytime activities, cooking, eating, providing them with attention, and giving them medication.

33. Admit the allegations in paragraph 33.

34. Deny the allegations contained in paragraph 34 of the Complaint, except that at the beginning of their shift, Plaintiff and other employees meet with other personnel to discuss the happenings of the day and to pass along information.

35. Deny the allegations contained in paragraph 35 of the Complaint, except that at the end of their shift, Plaintiff and other employees meet with other personnel to discuss the happenings of the day and to pass along information.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Admit that only one employee is normally assigned overnight as their response to

the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38 of the Complaint, except admit that while on duty Plaintiff was responsible for being present and vigilant in supervising the residents.

39. Deny the allegations contained in paragraph 39 of the Complaint, except admit that while on duty Plaintiff was responsible for being present and vigilant in supervising the residents.

40. Deny the allegations contained in paragraph 40 of the Complaint, except admit that while on duty Plaintiff was responsible for being present and vigilant in supervising the residents.

41. Deny the allegations contained in paragraph 41 of the Complaint, except admits that residential facility employees are essential as stated in the Employee Guidebook.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Admit the allegation contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint, except admit group home residents require supervision.

**D.     In Response to "The Continuous Shift Workers' Duties in the Middle of the Night" Allegations.**

47. Deny the allegations contained in paragraph 47 of the Complaint, except admit that it is necessary for trained staff members to be present at all times to assure that the residents are safe and that their needs are met.

48. Deny the allegations contained in paragraph 48 of the Complaint, except admit

that it is necessary for trained staff members to be present at all times to assure that the residents are safe and that their needs are met.

49. Deny the allegations contained in paragraph 49 of the Complaint, except admit that it is necessary for trained staff members to be present at all times to assure that the residents are safe and that their needs are met.

50. Deny the allegations contained in paragraph 50 of the Complaint, except admit that it is necessary for trained staff members to be present at all times to assure that the residents are safe and that their needs are met.

51. Deny the allegations contained in paragraph 51 of the Complaint, except admit that it is necessary for trained staff to monitor residents' movements and bodily functions such as bowel movements for medical purposes.

52. Deny the allegations contained in paragraph 52 of the Complaint, except admit that it is necessary for trained staff to monitor residents' movements and bodily functions such as bowel movements for medical purposes.

53. Deny the allegations contained in paragraph 53 of the Complaint, except admit that it is necessary for trained staff to monitor residents' movements and bodily functions such as bowel movements for medical purposes.

54. Deny the allegations contained in paragraph 54 of the Complaint, except deny knowledge or information sufficient to form an opinion as to the truth of Plaintiff's allegations regarding the hallway light.

55. Deny the allegations contained in paragraph 55 of the Complaint, except deny knowledge or information sufficient to form an opinion as to the truth of Plaintiff's allegations regarding residents late night and early morning duties.

56. Deny the allegations contained in paragraph 56 of the Complaint, except admit that when Plaintiff was at work, she was required to work except for when she was on a sleep break. The remainder of the allegations is denied.

57. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraphs 57.

58. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 59 of the Complaint, except admit that it always pays worker for time spent helping residents.

60. Admit the allegation contained in paragraph 60 of the Complaint and affirmatively state that when that Saturday fell in the springtime, where the clocks were set ahead one hour, the residents would effectively be awakened one hour earlier and that when that Saturday fell in the fall, and the clocks were set back one hour, the residents would effectively be awakened one hour later.

61. Admit the allegation contained in paragraph 61 of the Complaint and affirmatively state that when that Saturday fell in the springtime, where the clocks were set ahead one hour, the residents would effectively be awakened one hour earlier and that when that Saturday fell in the fall, and the clocks were set back one hour, the residents would effectively be awakened one hour later.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraphs 63 of the Complaint.

64. Deny the allegations contained in paragraphs 64 of the Complaint.

65. Deny the allegations contained in paragraphs 65 of the Complaint.

**E.     In Response to "Inadequate Sleeping Facilities" Allegations**

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 66 of the Complaint.

68. Deny the allegations contained in paragraph 67 of the Complaint, except admit there are no recreational amenities in the Nevada Group Home employee sleeping quarters.

69. Deny the allegations contained in paragraph 69, except admit that the room in which Plaintiff sleeps also functions as an office, and the room is used for sleeping by other employees during their overnight shifts.

70. Deny the allegations contained in paragraph 70 of the Complaint, except admit the room is used for sleeping by other employees during their overnight shifts.

71. Deny the allegations contained in paragraph 71 of the Complaint, except admit the lights in the hallway are kept on for the safety of the residents.

72. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 73 of the Complaint.

74. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations contained in paragraph 74 of the Complaint.

**F.     In Response to the "Defendants Deducted Sleep Time Without Any Agreement With Ms. Bagoue About the Deduction" Allegations**

75. Deny the allegations contained in paragraph 75 of the Complaint, and aver that Plaintiff and all employees are paid for all time worked.

76. Deny the allegations contained in paragraph 76 of the Complaint, except admit

there was no written agreement concerning compensation for sleep time.

77. Deny the allegations contained in paragraph 77 of the Complaint, except admit there was no written agreement concerning compensation for sleep time.

78. Deny the allegations contained in paragraph 78 of the Complaint, except admit there was no written agreement concerning compensation for sleep time.

79. Deny the allegations contained in paragraph 79 of the Complaint, except admit there was no written agreement concerning compensation for sleep time.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

**G.  In response to "The Same Policy Exists For Other Workers at Nevada Group Home and at Other Homes Operated by Defendants" Allegations**

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint, except deny knowledge or information sufficient to form an opinion as to the truth of the allegations regarding Plaintiff's ability to return to sleep.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Deny the allegations contained in paragraph 87 of the Complaint.

88. Admit the allegations contained in paragraph 88 of the Complaint.

89. Deny the allegations contained in paragraph 89 of the Complaint.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint, except admit Continuum of Colorado and Developmental Pathways have offices in some of the same buildings.

92. Deny the allegations contained in paragraph 92 of the Complaint.

93. Deny the allegations contained in paragraph 93 of the Complaint, except admit that Developmental Pathways authored memorandum to Plaintiff.

94. Deny the allegations contained in paragraph 94 of the Complaint, except admit that Continuum of Colorado's employee policies were jointly produced with Developmental Pathways.

## AS TO THE RULE 23 ALLEGATIONS

95. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 95 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

96. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 96 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

97. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 97 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

## AS TO ALL PERSONS EMPLOYED BY DEFENDANTS WHO WERE SUBJECT TO THE CONTINUOUS SHIFT POLICY ALLEGATIONS

98. Deny the allegations contained in paragraph 98 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding

knowledge of the alleged class size.

99. Deny the allegations contained in paragraph 99 of the Complaint.

100. Deny the allegations contained in paragraph 100 of the Complaint.

101. Deny the allegations contained in paragraph 101 of the Complaint.

102. Deny the allegations contained in paragraph 102 of the Complaint.

103. Deny the allegations contained in paragraph 103 of the Complaint,

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Deny the allegations contained in paragraph 105 of the Complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109. Deny the allegations contained in paragraph 109 of the Complaint.

## AS TO THE 29 U.S.C. § 216 (B) COLLECTIVE ACTION ALLEGATIONS

110. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 110 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

111. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 111 of the Complaint, except admit Plaintiff purports to proceed as alleged therein

112. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 112 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

### AS TO ALL PERSONS EMPLOYED BY DEFENDANTS WHO WERE SUBJECT TO THE CONTINUOUS SHIFT POLICY

113. Deny the allegations contained in paragraph 113 of the Complaint.

### IN RESPONSE TO THE FIRST COUNT FOR UNPAID STRAIGHT TIME AND OVERTIME PURSUANT TO THE COLORADO WAGE CLAIM ACT AND THE COLORADO MINIMUM WAGE ACT AND WAGE ORDER, C.R.S. §§ 8-4-101, ET SEQ; 8-6-101, ET SEQ.; 7CCR 1103-1

114. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 114 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

115. Deny the allegations contained in paragraph 115 of the Complaint.

116. Deny the allegations contained in paragraph 116 of the Complaint, except admit Plaintiff was an employee of Contiuum of Colorado.

117. Deny the allegations contained in paragraph 117 of the Complaint.

118. Deny the allegations contained in paragraph 118 of the Complaint.

119. Admit the allegations contained in paragraph 119 of the Complaint.

120. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 120 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

121. Deny the allegations contained in paragraphs 121 of the Complaint.

### IN RESPONSE TO THE SECOND COUNT: FAIR LABOR STANDARDS ACT

122. Deny that they engaged in any wrongdoing as their response to the allegations contained in paragraph 122 of the Complaint, except admit Plaintiff purports to proceed as

alleged therein.

123. Deny the allegations contained in paragraph 123 of the Complaint, except admit Continuum of Colorado operates multiple facilities and employs more than two employees.

124. Deny the allegations contained in paragraph 124 of the Complaint, except admit they are covered enterprises as defined by the Fair Labor Standards Act.

125. Deny the allegations contained in paragraph 125 of the Complaint, except admit they are covered enterprises as defined by the Fair Labor Starndards Act.

126. Deny the allegations contained in paragraph 126 of the Complaint, except admit Plaintiff was an employee of Continuum of Colorado.

127. Deny the allegations contained in paragraph 127 of the Complaint, except admit Plaintiff was an employee of Continuum of Colorado.

128. Deny the allegations contained in paragraph 128 of the Complaint, except admit Plaintiff was an employee of Continuum of Colorado and that both Continuum of Colorado and Developmental Pathways have employees.

129. Deny the allegations contained in paragraph 129 of the Complaint.

130. Deny the allegations contained in paragraph 130 of the Complaint.

131. Deny the allegations contained in paragraph131  of the Complaint.

132. Deny the allegations contained in paragraph132 of the Complaint.

## IN RESPONSE TO THE THIRD COUNT: EQUITY

133. Deny the allegations contained in paragraph133 of the Complaint, except admit Plaintiff purports to proceed as alleged therein.

134. Deny the allegations contained in paragraph134 of the Complaint.

135. Deny the allegations contained in paragraph135 of the Complaint.

## IN RESPONSE TO PLAINTIFF'S DEMAND FOR A JURY TRIAL AND PRAYER FOR RELIEF

136. Deny the allegations set forth in paragraph 136 of the Complaint including its subparts and aver that they have not engaged in any actions such as to entitle Plaintiff or any putative class members to damages as alleged therein.

## AFFIRMATIVE DEFENSES

Subject to proof through discovery, Defendants assert that the following are affirmative defenses warranting dismissal of Plaintiff and the putative class members claims:

## FIRST AFFIRMATIVE DEFENSE

137. Plaintiff and the putative class members' Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

138. Upon information and belief, Plaintiff and the putative class members' injuries and damages, if any, are barred or reduced as a result of the Plaintiffs and the putative class members' failure to mitigate their damages.

## THIRD AFFIRMATIVE DEFENSE

139. Defendant at all times has acted in good faith and not in contravention of any of Plaintiff's and the putative class members' clearly established federally and locally protected rights.

## FOURTH AFFIRMATIVE DEFENSE

140. Plaintiff and the putative class members are not entitled to attorney fees, and costs of this action and Plaintiff's and the putative class members' prayer for the same should be denied.

### FIFTH AFFIRMATIVE DEFENSE

141.    Defendants were not joint employers at any point relevant to Plaintiff's or the putative class members allegations.

### SIXTH AFFIRMATIVE DEFENSE

142.    Defendant did not willfully and with intent deprive Plaintiff and the putative class members of any compensation owed to them under the provisions of the Fair Labor Standards Act, the Colorado Minimum Wage Act, the Colorado Wage Order, or the Colorado Wage Claim Act.

### SEVENTH AFFIRMATIVE DEFENSE

143.    Defendants at all times acted in good faith and with reasonable grounds for its belief that Plaintiff and the putative class members were being paid in accord with the Fair Labor Standards Act and all Colorado laws and that it did not violate any applicable statute.

### EIGHTH AFFIRMATIVE DEFENSE

144.    Plaintiff and the putative class members did not work hours in excess of forty hours per workweek, and to the extent they did they were properly compensated for all hours worked.

### NINTH AFFIRMATIVE DEFENSE

145.    All or part of the time for which Plaintiff and the putative class members seek compensation in this action does not constitute compensable working time.

### TENTH AFFIRMATIVE DEFENSE

146.    Plaintiff and the putative class members have been paid for all compensable time that they worked consistent with 29 CFR 758.22, the Fair Labor Standards Act, and all applicable Colorado laws.

### ELEVENTH AFFIRMATIVE DEFENSE

147. Defendants are entitled to a credit/set-off for any compensation paid to Plaintiff and the putative class members to which they were not otherwise entitled.

### TWELFTH AFFIRMATIVE DEFENSE

148. Plaintiff and the putative class members' Complaint fails to state a claim against Defendant upon which liquidated damages can be awarded.

### THIRTEENTH AFFIRMATIVE DEFENSE

149. Plaintiff and the putative class members' Complaint fails to state a claim against Defendant upon which pre-judgment interest can be awarded.

### FOURTEENTH AFFIRMATIVE DEFENSE

150. Plaintiff and the putative class members' Complaint is barred, in whole or in part, by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

151. Assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, Defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members, to justify any awards or penalties or fees.

### SIXTEENTH AFFIRMATIVE DEFENSE

152. This suit may not be properly maintained as a class action because: (1) Plaintiffs have failed to plead, and cannot establish the necessary procedural elements for class treatment; (2) a class action is not a fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative

class; (5) Plaintiff is not a proper class representatives; (6) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; (9) the alleged putative class is not ascertainable, nor are its members identifiable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

153. If the Court certifies a class in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each and every member of the certified class.

### EIGHTEENTH AFFIRMATIVE DEFENSE

154. The adjudication of the claims of the putative class through generalized class-wide proof violates Defendants' right to trial by jury.

### NINETEENTH AFFIRMATIVE DEFENSE

155. Plaintiff's damages, if any, may be reduced by the amount of any and all payments received from a collateral source.

### TWENTIETH AFFIRMATIVE DEFENSE

156. Defendants are exempt from the Colorado Minimum Wage Orders pursuant to the March 6, 1998 Special Wage Order.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

157. Plaintiff was at all times provided with adequate sleeping facilities.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

158. Plaintiff was at all times an at-will employee whose conduct constituted an

implied agreement to work as directed by the employer.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

159. Any time spent performing duties prior to the beginning of her scheduled shift or immediately after the conclusion of her work shift was de minimis and therefore not compensable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

160. Any time spent performing duties prior to the beginning of her scheduled shift or immediately after the conclusion of her work shift was subject to permissible rounding pursuant to 29 CFR 785.48(b).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

161. Any time spent preparing to perform her duties or immediately after the conclusion of her work shift was preliminary or postliminary time as defined by the Portal to Portal Act, 29 U.S.C. 9, *et seq*. and therefore not compensable.

## RESERVATION OF RIGHT TO AMEND ANSWER

162. Defendants state they do not presently know all facts concerning the conduct of Plaintiff and the putative class and their claims sufficient to state all affirmative defenses at this time. Defendants will seek leave of this Court to amend this Answer should it later discover facts demonstrative the existence of additional affirmative defenses.

**WHEREFORE**, the Defendants demands judgment against the Plaintiff by dismissing the Complaint together with costs and disbursements.

DATED:  Denver, Colorado
              October 23, 2017.

                              */s/ Scott D. Sweeney*
                              Scott D. Sweeney, #28854
                              Wilson Elser Moskowitz Edelman & Dicker, LLP
                              1225 17th Street, Ste 2750
                              Denver, CO 80202
                              Telephone: (303) 572-5300
                              Facsimile: (303) 572-5301
                              Jason.Melichar@wilsonelser.com
                              Scott.Sweeney@wilsonelser.com

                              Celena R. Mayo
                              Justin Guilfoyle
                              Wilson Elser Moskowitz Edelman & Dicker, LLP
                              150 East 42nd Street
                              New York, NY 10017
                              Telephone: (212) 490-3000
                              Facsimile: (212) 490-3038
                              celena.mayo@wilsonelser.com

                              Christopher J. Forrest
                              Miller & Steiert, P.C.
                              1901 W. Littleton Blvd.
                              Littleton, CO  80120
                              Telephone: 303-798-2525
                              Facsimile 303-798-2526
                              CJForrest@m-s-lawyers.com

                              *Attorneys for Defendants Developmental Pathways,*
                              *Inc., and Continuum of Colorado, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October 2017, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court using the CM/ECF system, and served to the following:

Alexander Hood
Attorney and Director of Litigation
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218

Brian D. Gonzales
The Law Offices of Brian D. Gonzales
242 Linden Street
Fort Collins, CO 80524

*Attorneys for Plaintiff*

            By: /s/ Scott D. Sweeney
               Scott D. Sweeney