IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01804-PAB-MJW

FLAVIE BONDEH BAGOUE, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

DEVELOPMENTAL PATHWAYS, INC. and CONTINUUM OF COLORADO, INC.,

    Defendants

---

**SCHEDULING ORDER REGARDING CLASS CERTIFICATION ONLY**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A status conference is scheduled for November 6, 2017 at 2:00 p.m. MST in Courtroom A502 of the Alfred A. Arraj United States Courthouse before the Honorable Michael J. Watanabe. In compliance with the Court's *Minute Order* of September 26, 2017, the parties respectfully submit the following proposed Scheduling Order.

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Brian D. Gonzales<br>The Law Offices of Brian D. Gonzales, PLLC<br>2580 E. Harmony Rd., Ste. 201<br>Fort Collins, Colorado 80528<br>Telephone: (970) 214-0562 | Jason D. Melichar<br>Scott D. Sweeney<br>Wilson Elser Moskowitz Edelman & Dicker, LLP<br>1225 17th Street, Suite 2750<br>Denver, CO 80202<br>Telephone: (303) 573-5300 |
| Alexander Hood<br>Towards Justice<br>1535 High Street, Suite 300<br>Denver, Colorado 80218<br>Telephone: (720) 239-2606 | Celena R. Mayo<br>Justin Guilfoyle<br>Wilson Elser Moskowitz Edelman & Dicker, LLP<br>150 E. 42nd Street<br>New York, NY 10017<br>Telephone: 212 915 5854 |

Christopher J. Forrest
Miller & Steiert, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120
Telephone: 303-798-2525

## 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 29 U.S.C. §216(b) (Fair Labor Standards Act).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>:

The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Wage Order"), contain various rules regarding the minimum wage and overtime. Defendants own and operate a chain of "group homes" in Colorado. Plaintiff, an hourly, non-exempt employee of Defendants, alleges that Defendants failed to pay her and other employees all earned straight time and overtime pay. In particular, Plaintiff alleges that Defendants illegally deducted time from her pay for purported sleeping time and/or failed to pay the overtime premium for hours worked in excess of twelve per day. This action seeks compensation (including attorney's fees, liquidated damages and/or statutory penalties) for all employees subjected to these statutory violations.

b. <u>Defendants</u>:

Defendants have not violated any federal or state law regarding compensation to Plaintiff. More specifically, as Plaintiff has conceded, Defendants provide compensation for all work time and have implemented all work shifts pursuant to federal and state law and U.S. Department of Labor guidelines regarding FLSA sleep time as wait time. Defendants have also complied with applicable law by compensating Plaintiff where appropriate for preliminary and postliminary time (except for time of less than approximately 7 minutes) such that that time is exempt from the FLSA, including the Portal to Portal Act amendment to the FLSA, is de minimis, and/or is appropriate rounding of time. Further, there is no overtime claim under the Colorado Minimum Wage and Wage Claim Act as the Director of the Colorado Department of Labor, Division of Labor Standards and Statistics, has exempted Defendants from the Wage Order that would otherwise govern work and compensation under Colorado law. Finally, Defendants' dispute Plaintiff's characterization that they operate a "chain of group homes" as grossly inaccurate.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was an employee of Defendant Continuum of Colorado, Inc. for three years preceding this action.

2. For each of the three years preceding the filing date of this lawsuit, each Defendant has had the requisite gross volume of sales within the meaning of the FLSA.

3. Since at least three years prior to the filing date of this lawsuit, the Defendants have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

4. While working for Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

### 5. COMPUTATION OF DAMAGES

*Plaintiff:* The records Plaintiff requires to calculate damages specifically remain in the possession of Defendants. Therefore, until discovery is complete, Plaintiff cannot provide a precise damage figure. In general, however, Plaintiff seeks the following on behalf of herself and any putative class members: retroactive payment of all unpaid straight time and overtime wages. Plaintiff also seeks injunctive relief, statutory penalties and/or liquidated damages, interest, attorney's fees and litigation expenses.

*Defendants:* Defendants have not asserted any counterclaim in which damages could be sought, so there is no computation of damages to be identified.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING ORDERED UNDER FED. R. CIV. P. 26(F)

a. <u>Date of Rule 26(f) meeting</u>:

The parties convened a telephone conference on September 13 and September 16, 2016, to discuss the matters set forth in Rule 26(f).

b. <u>Names of each participant and the party he/she represented</u>:

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Brian D. Gonzales<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 E. Harmony Road, Ste. 201<br>Fort Collins, Colorado 80528 | Jason D. Melichar<br>Scott D. Sweeney<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>1225 17th Street, Suite 2750<br>Denver, CO 80202 |
| Alexander Hood<br>Attorney and Director of Litigation<br>TOWARDS JUSTICE<br>1535 High St., Suite 300<br>Denver, Colorado 80218 | Celena R. Mayo<br>Justin Guilfoyle<br>Wilson Elser Moskowitz Edelman & Dicker, LLP<br>150 E. 42nd Street<br>New York, NY 10017<br>Telephone: 212 915 5854 |
| | Christopher J. Forrest<br>Miller & Steiert, P.C.<br>1901 W. Littleton Blvd.<br>Littleton, CO 80120<br>Telephone: 303-798-2525 |

c. <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made</u>:

Rule 26(a)(1) initial disclosures have been completed.

d. <u>Proposed Changes, if any, in timing of requirement of disclosures under Fed. R. Civ. P. 26(a)(1)</u>:

None.

e. <u>A statement concerning any agreements to conduct informal discovery</u>:

The parties have made no specific agreements as to any informal discovery.

5

f. <u>A statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system</u>:

The parties have not reached any agreements related to reducing discovery or litigation costs. The parties will use a unified exhibit number system.

g. <u>A statement as to whether the parties anticipate that their claims or defenses may involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:</u>

The parties do not anticipate that their claims or defenses may involve extensive electronically stored information. However, if there are extensive electronically stored information the parties have agreed to work cooperatively toward producing any such relevant data in a mutually agreeable format, pursuant to FED. R. CIV. P. 34.

h. <u>A statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>:

The parties certify that they have held preliminary discussions regarding the possibilities for a prompt settlement or resolution of the case including by alternative dispute resolution, and are continuing to discuss such possibilities. The parties agree to

attend mediation within 30 days of the conclusion of the opt-in period. The results of any resolution including by alternative dispute resolution process will be reported to the magistrate judge within ten days of the meeting.

### 7. CONSENT

a. ( )   All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.

b. ( X )   All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

### 8. DISCOVERY LIMITATIONS

a. <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:</u>

Prior to conditional class/collective action certification, each side may conduct no more than 2 depositions, and may serve no more than 25 interrogatories, pursuant to FED. R. CIV. P. 30(a)(2)(A) and FED. R. CIV. P. 33(a)(1), respectively. To the extent the matter is conditionally certified as a class and/or collective action, defendants may serve additional interrogatories on each putative class/collective plaintiff.

b. <u>Limitations which any party proposes on the length of depositions:</u>

Consistent with the Federal Rules of Civil Procedure, unless extenuating circumstances require otherwise.   *7 Hours Per Deponent*

c. <u>Limitations which any party proposes on the number of requests for production and/or requests for admission:</u>

7

Prior to conditional class/collective action certification, each party shall be limited to 30 requests for production and each side shall be limited to 10 requests for admission. To the extent the matter is conditionally certified as a class and/or collective action, defendants may serve additional requests for production and admission on each putative class/collective plaintiff.

d. <u>Other Planning or Discovery Orders</u>: Plaintiff will file any motion for FED. R. CIV. P. 23 class action certification and/or FLSA §216(b) collective action certification by ~~February 12, 2018~~ March 30, 2018. Defendants will file their opposition to same by ~~April 2, 2018~~ April 20, 2018. If a class and/or collective action is conditionally certified, the parties will meet and confer regarding appropriate class/collective action discovery, deadlines for same, dispositive motion deadlines, and/or expert witness disclosure deadlines to reflect the conditionally certified action.

### 9. CASE PLAN AND SCHEDULE

a. <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>: December 12, ~~2016~~ 2017. These deadlines shall not apply to putative class or collective action members who elect to join the lawsuit after certification of a class or collective action or after it is determined that a class or collective action will not proceed or be certified. At that time, putative class action members may join the lawsuit and/or amend the pleadings to reflect any additional claims they may have.

b. <u>Discovery Cut-Off</u>: ~~To be determined after resolution of any class and/or collective action certification motions.~~ February 28, 2018

c. <u>Dispositive Motion Deadline</u>: To be determined after resolution of any class and/or collective action certification motions.

d. <u>Expert Witness Disclosure</u>: No experts for certification phase of discovery.

e. <u>Identification of Persons to be Deposed</u>:

Plaintiff: FED. R. CIV. P. 30(b)(6) Depositions of each Defendant.

Defendants: Plaintiff

f. <u>Deadline for Interrogatories</u>: Named plaintiff interrogatories to be served by November ~~15~~ 30, 2017; responses due by ~~December 15, 2017~~ January 12, 2018. Class/Collective interrogatory scheduled to be determined after resolution of any class and/or collective action certification motions.

g. <u>Deadline for Requests for Production of Documents and/or Admissions</u>: Named plaintiff request for production to be served by November ~~15~~ 30, 2017; responses due by ~~December 21, 2017~~ January 12, 2018. Class/Collective document production scheduled to be determined after resolution of any class and/or collective action certification motions.

h. <u>Deadline for Depositions</u>: Named party and FED. R. CIV. P. 30(b)(6) depositions to be conducted in ~~January 2018~~ February 28, 2018. Class/Collective depositions, if any, to be determined after resolution of any class and/or collective action certification motions.

**10. DATES FOR FUTURE CONFERENCES**

a. A telephone status conference will be held in this case at the following dates and times: _January 22, 2018 at 9:30 Am_

9

b.  A final pretrial conference will be held in this case on _____ at ____ o'clock ___.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven days before the final pretrial conference. *None set This Time.*

## 11. OTHER SCHEDULING MATTERS

a.  <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:</u>

None.

b.  <u>Anticipated length of trial, and whether trial is to the court or jury:</u>

5 days, to the Court.

c.  <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.</u>

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only by order of the Magistrate Judge and only upon a showing of good cause.

DATED November 6, 2017

BY THE COURT:

Michael J. Watanabe
U.S. Magistrate Judge
District of Colorado

SCHEDULING ORDER APPROVED AS TO FORM:

/s/ Brian D. Gonzales
Brian D. Gonzales
THE LAW OFFICES OF BRIAN D.
GONZALES, PLLC
2580 E. Harmony Rd., Ste. 201
Fort Collins, Colorado 80528
BGonzales@ColoradoWageLaw.com

Alexander Hood
Attorney and Director of Litigation
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, Colorado 80218
alex@towardsjustice.org

ATTORNEYS FOR PLAINTIFF

/s/ Jason D. Melichar
Jason D. Melichar
Scott D. Sweeney
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
Telephone: (303) 573-5300
Jason.Melichar@wilsonelser.com
Scott.Sweeney@wilsonelser.com

Celena R. Mayo
Justin Guilfoyle
Wilson Elser Moskowitz Edelman & Dicker, LLP
150 E. 42nd Street
New York, NY 10017
Telephone: 212 915 5854
Celena.Mayo@wilsonelser.com
Justin.Guilfoyle@wilsonelser.com

Christopher J. Forrest
Miller & Steiert, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120
Telephone: 303-798-2525
cjforrest@m-s-lawyers.com

ATTORNEYS FOR DEFENDANTS