IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv-01804-PAB-NRN

FLAVIE BONDEH BAGOUE; and those similarly situated

    Plaintiff,

v.

DEVELOPMENTAL PATHWAYS, INC., and
CONTINUUM OF COLORADO, INC.

    Defendants.

## DECLARATION OF CINDY DUTTON

I, CINDY DUTTON, under the penalty of perjury, declare as follows:

1.     I am over the age of 18 and not an individual party to the instant matter. The facts stated herein are within my personal knowledge and if called to testify, I could and would competently do so under oath as set forth below.

2.     I submit this Declaration in support of the motion for summary judgment brought by Developmental Pathways, Inc. and Continuum of Colorado, Inc. ("Continuum").

3.     I am currently employed by Continuum as its Director of Residential and Therapeutic Services. I have held this position since September, 2013.

4.     Through my position as Director of Residential and Therapeutic Services at Continuum, I have gained the personal knowledge as to all facts stated within this Declaration.

5.     Continuum is a not-for-profit state-designated Program Approved Service Agency, which is a service agency that provides services and supports for persons with intellectual and developmental disabilities and that has received approval by the Colorado Department of Health

Care Policy and Financing pursuant to section 2505-10-8.603 of the Colorado Code of Regulations.

**6.** Continuum is planned, designed, organized, operated, and maintained to provide services to and for individuals with developmental disabilities.

**7.** Continuum, as a Service Agency, provides services and supports such as family support, respite care, day services, and residential services to persons eligible pursuant to C.R.S. § 25.5-10-211.

**8.** Continuum generates its income from donations and public funds, which it uses to provide services to individuals with developmental disabilities.

**9.** Continuum does not generate 50% or more of its annual dollar volume of business from the sale of any service, commodity, article, good, real estate, wares, or merchandise to the consuming public

**10.** Continuum does not advertise its services to the general public, but instead contracts with the state and local government agencies within the State of Colorado, and with Community Centered Boards and Case Management Agencies within the State of Colorado, to provide services to individuals with developmental disabilities.

**11.** Continuum does not provide services to other commercial firms through the use of service employees, as it provides specialized services to individuals with developmental disabilities, not other commercial firms.

**12.** Continuum does not prepare or offer food or beverages for sale or consumption to the public.

13. Continuum may have food prepared and provided to its clients as part of the services it provides, but at no time has Continuum prepared and offered food or beverages for consumption to the public for sale.

14. Continuum is not a hospital, home health care provider, a hospice center, a nursing home or a mental health center nor does Continuum provide medical, dental, surgical or other similar health services to its clients.

15. Continuum is a statutorily-defined service agency that provides services to individuals with developmental disabilities such as residential services, transportation, day programs, employment services, and other services to support people with intellectual or developmental disabilities.

16. Group homes are designed to help individuals with developmental disabilities to live as independently as possible by creating a living environment that represents the least departure from typical patterns of living and that effectively meets their needs and preferences, also referred to as the "lease restrictive environment."

17. To support residents in the least restrictive environment of their choosing, stakeholders and agencies across the state have designed group homes like Nevada House to help residents to live as independently as possible; and the 2.5 Day Shift to foster a person-centered, home-like environment for the residents -- with minimal interruptions from transitioning staff.

18. Life Skills Specialists ("LSS"), including the plaintiff Flavie Bondeh Bagoue ("Plaintiff"), were not responsible for the supervision of Nevada House residents until the start of their shifts, and such responsibilities ceased at the end of the shift.

19. Continuum maintained a policy and practice requiring employees to record all time worked, including any calls to duty or instances where LSS were required to supervise a resident during an employee's sleep-time.

**20.** To the extent an LSS was awoken during sleep hours requiring her to provide supervision to residents or to perform work, that time was to be recorded by the LSS, and the LSS would be paid for the sleep time interruption.

**21.** An employee's failure to include any instances of work performed during their sleep-time is a violation of both Continuum's written policy, under which employees are required to record all work performed, and Continuum's prohibition of performing any work off the clock.

**22.** Incidents like those described by Plaintiff, *i.e.*, where she alleges she was awoken by a resident tickling her feet, are considered by Continuum to be incidents requiring LSS to provide supervision of a resident and therefore, any such incidents should have been recorded.

**23.** A review of Plaintiff's payroll records confirms that she was paid for every reported instance where she was awoken during sleep hours requiring her to provide supervision to residents or to perform work.

**24.** Continuum could not know about any calls to duty or other work performed by Plaintiff during her sleep-time unless Plaintiff reported having worked.

**25.** Any instance where an LSS, including Plaintiff, arrived to Nevada House prior to the start of their shift, this time was theirs to engage in personal activities with no work activities required to be performed.

**26.** A review of the client logs for Nevada House residents confirm that there were typically no significant client events during these shifts.

**27.** At no time were any of Plaintiff's timecards manually altered by Continuum to delete time that Plaintiff worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed on November 19, 2018

_____
**CINDY DUTTON**


STATE OF COLORADO      )
                       ) ss.
COUNTY OF DENVER       )


Subscribed and sworn to me this 19th day of November, 2018, by ____Cindy Dutton____.

SELINA R GRIGGS
Notary Public – State of Colorado
Notary ID 20184004317
My Commission Expires Jan 25, 2022

_____
(Notary Public)

My commission expires: __January 25, 2022__         DATED this 19th day of November, 2018