| ☐ Small Claims    ☐ County Court    ☒ District Court<br>☐ Probate Court    ☐ Juvenile Court    ☐ Water Court<br>Garfield County, Colorado<br>Court Address:  GARFIELD COMBINED COURTS<br>109 8ᵀᴴ Street, Suite 104<br>Glenwood Springs, CO 81601 | DATE FILED: April 12, 2018<br>CASE NUMBER: 2018CV30026 |
|---|---|
| Plaintiff(s):  JESSICA SMITH, on her own behalf and on behalf of all others similarly situated,<br><br>v.<br><br>Defendant(s):  MOUNTAIN VALLEY DEVELOPMENTAL SERVICES, INC. | ▲ COURT USE ONLY ▲<br><br>Case No. 18CV30026 |
| GARFIELD COMBINED COURTS<br>Phone Number:  970-928-3065<br>FAX Number:      970-928-3067 | Div.:            Ctrm:  B |

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

THIS MATTER comes before the Court on the above titled Motion. The Court having read the response, reply and relevant authorities, hereby finds and orders as follows.

**Standard of Review**

A motion to dismiss for failure to state a claim upon which relief can be granted are reviewed pursuant to the "plausibility standard" adopted by the Colorado Supreme Court in *Warne v. Hall,* 373 P.3d 588 (Colo. 2016). Now, to withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 589. That is, plaintiffs must allege sufficient facts "to nudge [their] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

1

A claim is plausible on its face when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the [conduct] alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**Insufficiency of Service of Process**

Mountain Valley Developmental Services, Inc. (hereinafter "MVDS") is seeking to dismiss the Complaint because of insufficiency of service of process. MVDS argues that the Return of Service is insufficient because it does not contain the date of service as required by C.R.C.P. 4(h)(1).

While it is true that the Return of Service does not contain the date service was made, the Court is not going to dismiss the Complaint based upon this "technical" error. It is well established in Colorado that service of process will not be set aside for a mere technical error, defect, or omission either in the summons or in the service of summons where the error, defect or omission affects no substantial rights of the defendant. *Clark Nat'l Adjusters, Inc.,* 701 P.2d 871, 872 (Colo. App. 1085). The correct remedy should be to allow Plaintiff to amend the Return of Service to reflect the date actually served. *See Sawdy v. Pagosa Lumber Co.,* 798 Colo. 185, 240 P.334 (1925). However, because the Court is going to dismiss this case for the reasons set forth below, no amended is necessary.

**Plaintiffs' Claim for Violation of the Colorado Minimum Wages of Workers Act and the Colorado Minimum Wage Order**

a) Operation of CMWWA and CMWO in General

Plaintiffs claim in the Complaint is based solely on the ground that MVDS failed to pay Plaintiff and others similarly situated overtime for hours worked over 12 hours in

violation of the Colorado Minimum Wages of Workers Act ("CMWWA") as implemented by the Colorado Minimum Wage Order ("CMWO"). (See Complaint, ¶¶ 3-5 and 45).

The CMWWA, by its own terms, does not set forth any rules regarding overtime. Instead, the CMWWA delegates authority to the director of the division of labor and statistics to determine minimum wage and standard conditions of labor. See, C.R.S. §8-6-106. Pursuant to that authority, the director has implemented the CMWO. See 7 CCR 1103-1. The CMWO only applies to four industries: retail and service; commercial support service; food and beverage and health and medical. 7 CCR 1103-2; 7 CCR 1103-1:4.

In addition to the CMWO, the director, as part of the Colorado Division of Labor, also promulgated an Advisory Bulletin. The March 31, 2012, Advisory Bulletin and Resource Guide states in pertinent part:

> The Advisory Bulletins and materials contained herein are provided for general advisory, clarification, and explanatory purposes only. The Bulletins and associated material are not intended to expand, narrow, or contradict current law.
>
> All documents contained in this publication are for informational purposes only, and should not be relied upon as an official record of action or law.

(See Exhibit 3).

With respect to Development Disability Community Centered Boards, the Bulletin states:

> Community Centered Boards and service agencies that are planned, designed, organized, operated, and maintained to provide services to and for individuals with developmental disabilities as defined in C.R.S.

3

> 27-10.5-202 are exempt from all provisions of the Wage Order.

(See Exhibit 3, p. 71).

### Mountain Valley is a Community Centered Board

Mountain Valley is a community centered board. Article 1 of the Articles of Incorporation states that the name of the Corporation shall be "The Upper Colorado River Community Center Board." (Exhibit 4, p. 2). Article 1 goes on to state that one of the Community Center Boards purposes is "[t]o provide a Community Center Board as that term is used in article 11 of Title 27, Colorado Revised Statutes, 1973, for the purposes of training services for mentally retarded and for seriously handicapped persons within the area to be served by the corporation…" (Exhibit 4, p.2). The State of Colorado has also designated MVDS as a community centered board. (See Exhibit 5 and Exhibit 6, Affidavit of Bruce Christensen who is the Executive Director of MVDS). Based upon these materials, it is clear that MVDS is a community centered board.

### The CMWO does not apply to Mountain Valley

The CMWO applies to only four industries: (1) Retail and Service; (2) Commercial Support; (3) Food and Beverage; and (4) Health and Medical. 7-CCR 1103-1:1. Plaintiff alleges that the CMWO covers MVDS because is falls under the health and medical category or the retail and service category.

The CMWO defines Health and Medical as follows:

> any business or enterprise engaged in providing medical, dental, surgical or other health services including by not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes and mental health centers, and includes any employee who is engaged in the

4

> performance of work connected with or incidental to such business or enterprise, including office personnel.

7 CCR 1103-1(2)(D).

MVDS is not a hospital, home health care provider, a hospice center, a nursing home or a mental health center. MVDS also does not provide medical, surgical or any other health services. Rather, MVDS coordinates with third party providers to access medical and health care services. (See Exhibit 6, ¶ 10). MVDS works with people for the purpose of assisting them in applying for benefits; ensuring that third parties are providing them with the services they need; and assisting them with their personal care, maintaining a household and transportation. (See Exhibit 6, ¶ 9). Therefore, the Court concludes that MVDS is not a health or medical organization and does not fall within the CMWO under that category.

Nor is MVDS a retail and service establishment. Under the CMWO a retail and service organization is:

> any business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares, or merchandise <u>the consuming public, and that generates 50% or more of its annual dollar volume of business from such sales.</u> ...............................................................

7 CCR 1103-1:2. (emphasis added).

MVDS does not advertise its services to the general public. Rather, MVDS contracts with the State of Colorado to provide the services. And it is the State of Colorado that pays MVDS for the services that it provides to its clients. (See Exhibit 6, ¶¶ 11-14). Since MVDS does not generate any income from that consuming public, it is not a retail and service establishment and is not subject to the CMWO.

5

### MVDS is Exempt from the CMWO

The March 31, 2012 Advisory Bulletin expressly exempts community centered boards from all provisions of CMWO. (See Exhibit 3). Because MVDS is a community centered board, it is not subject to the overtime provisions of the CMWO.

Plaintiff argues that the Advisory Bulletin is contrary to the law and should therefore be disregarded. The Advisory Bulletin is not contrary to the law. As stated above, the CMWO only applies to four categories of businesses. Community centered boards do not fall within any one of the four business categories. Therefore, the Advisory Bulletin is not creating a new exemption it is just clarifying that community centered boards are not health and medical, retail and service, commercial support service, or good and beverage businesses.

### The Advisory Bulletin does not Violate Due Process and does not Violate the Administrative Procedures Act

Plaintiff argues that the Advisory Bulletin violates due process and the Administrative Procedures Act. As set forth above, the Advisory Bulletin does not create a new exemption so there is no requirement that the Division of Labor had to comply with the Administrative Procedures Act.

With respect to violating due process, the Division of Labor has express regulatory authority to interpret the CMWO. 7 CCR 1103-1:13 states, "The Division shall have jurisdiction over all questions of fact arising with respect to the administration and interpretation of this Wage Order." The Division of Labor therefore has the authority to interpret the CMWO and there is no violation of due process.

### The Pilmenstein Decision

Plaintiff cites this Court to a Jefferson County District Court decision in support of her argument that MVDS is covered under the CMWO. First, the Court notes that another district court's decision is not binding on this Court. Second, the Pilmenstein case did not involve a community centered board. It involved a mental health center which is specifically covered under the definition of the health and medical industry, whereas a community centered board is not.

### Conclusion

For all of the reasons set forth above, the Court concludes that the CMWO does not apply to MVDS and therefore it did not have pay overtime. Since there is no plausible claim for relief, the case is dismissed without prejudice.

Dated this 12th day of April, 2018.       BY THE COURT:

Denise K. Lynch
District Court Judge