**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-01804-PAB-NRN

FLAVIE BONDEH BAGOUE; and those similarly situated

     Plaintiffs,

     v.

DEVELOPMENTAL PATHWAYS, INC.,
and CONTINUUM OF COLORADO, INC.,

     Defendants.

---

**MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CONTINUUM OF
COLORADO, INC. AS TO PLAINTIFF'S 12-HOUR OVERTIME CLAIM**

---

## I.    INTRODUCTION

Plaintiff Flavie Bagoue worked for Defendant Continuum of Colorado, Inc. ("Continuum") in its group homes caring for physically and mentally disabled persons. There, she worked 2.5-day shifts, which consisted of 56 consecutive hours of work providing continuous care for the residents. For this, Plaintiff was paid for only 40 hours a week, with no overtime compensation, because two 8-hour blocks were excluded for purported sleep and because Defendants believed they were exempt from Colorado law requiring overtime for hours in excess of 12 in a day.

An issue clouding this case since its inception is whether Defendants are covered by the Colorado Wage Order ("Wage Order") and thus whether Defendants are legally obligated to comply with the Wage Order's requirements, including paying employees for hours worked in excess of 12 in a day. There is no dispute that the 2.5-day shifts worked by Plaintiff required her

to work more than 12 consecutive hours, and there is no dispute that Plaintiff was not paid overtime for her hours worked in excess of 12. Thus, the **only** question that need be answered for this Court to find liability for Continuum[1] as to the 12-hour overtime claim is whether Continuum is covered by the Wage Order.

Based on Continuum's own admissions in its 30(b)(6) deposition, it is undisputedly covered under the "Health and Medical" category of the Wage Order and it is therefore undisputedly liable for failing to comply with the Wage Order's 12-hour overtime requirement with respect to Plaintiff. Summary judgment as to liability should therefore be entered against Continuum for Plaintiff's 12-hour overtime claim.

## II.    STANDARD OF REVIEW

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Summary judgment is proper if the movant demonstrates that there is 'no genuine issue as to any material fact' and that it is 'entitled to a judgment as a matter of law.'" *Thom v. Bristol-Myers Squibb Co.*, 353 F. 3d 848, 851 (10th Cir. 2003) (quoting Fed. R. Civ. P. 56(c)). The movant bears the initial burden of establishing the prima facie absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). "If the movant carries this initial burden, the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (quoting Fed. R. Civ. P. 56(e)).

---

[1] Plaintiff does not move against the other Defendant, Developmental Pathways, Inc., because Plaintiff's claims against that Defendant potentially implicate disputes of fact regarding that Defendant's status as a joint employer.

### III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Continuum operates group homes for developmentally disabled persons in Colorado. Ex. 1, Continuum 30(b)(6) at 9:19-10:9.

2.      Plaintiff was employed by Continuum as a "life skills specialist" from October 2006 to June 2016. Ex. 2, Bagoue Dec. ¶ 1.

3.       Life skills specialists are responsible for providing day-to-day care for the disabled residents of Continuum's facilities. Ex. 1, Continuum 30(b)(6) at 73:5-79:9 (describing duties of a life skills specialists).

4.      Plaintiff frequently worked more than 12 consecutive hours for Continuum Ex. 2, Bagoue Dec. ¶¶ 5-7, 11-12; Ex A to Ex. 2.

5.      Plaintiff was not paid overtime for hours worked in excess of 12 consecutive hours. Ex. 2, Bagoue Dec. ¶ 12.

6.      Continuum provides health and medical services to the disabled residents in its group homes. Ex. 1, Continuum 30(b)(6) at 38:3 to 38:8 (nurses on staff provide services to residents), 50:2-51:8 ("Q: …[S]o there is some coordination of care and there is some providing of care? A. Correct."), 75:13-79:14 (listing medical and health services provided by Defendants).

### IV.    ARGUMENT

The Wage Order covers "any business or enterprise engaged in providing medical…or other health services including but not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel." 7 C.C.R. § 1103-1(2)(D). And, for covered businesses, the Wage

Order requires that "employees shall be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday…." 7 C.C.R. § 1103-1(4).

In its 30(b)(6), Continuum admits to providing health and medical services to its group home residents. Continuum has nurses on staff providing these services:

> Q.  But someone in some of these houses are doing those sort of
> nurse-like procedures?
> A.  Yes.
> Q.  And are they nurses?
> A.  We do have nurses that assist in those areas.

Ex. 1, Continuum 30(b)(6) at 38:3 to 38:8.

> Q. What is the nursing team?
> A. We have a health services manager and then we have two LPNs
> and a medical assistant. They oversee and coordinate with the
> supervisors the medical needs of the individuals in our care.

*Id.* 50:2 to 50:6. Continuum also testified to a lengthy list of health and medical services that it provides to its residents. *Id.* at 75:13-79:14 (*e.g.*, inserting suppositories, assisting with physical therapy, checking blood pressure, monitoring weight, and monitoring bowel movements).

It is therefore undisputed that Continuum provides services consistent with the Health and Medical Wage Order coverage category. *See* 7 C.C.R. § 1103-1(2)(D). And because it is also undisputed that Continuum employed Plaintiff and failed to pay Plaintiff overtime for hours worked in excess of 12 in a week, summary judgment should be entered against Continuum as to liability for Plaintiff's 12-hour overtime claim.

Continuum will not leave it there. It will likely assert that it is not covered by the Wage Order because of a Colorado Department of Labor and Employment (CDLE) opinion letter and

4

advisory opinion purporting to interpret the Wage Order as exempting Community Centered Boards and their service agencies.[2] *See* Ex. 3, CDLE Opinion Letter; CDLE, Advisory Bulletin and Resource Guide at 71, *available at* https://www.colorado.gov/pacific/sites/default/files/Advisory%20Bulletins.pdf. Both should be ignored as a matter of law, and the plain text of the Wage Order should be applied.

As interpretations of the Wage Order, both the letter and the advisory bulletin are simply wrong and should be given no weight. *See Rags Over the Arkansas River, Inc. v. Colo. Parks and Wildlife Bd.*, 360 P.3d 186, 192 (Colo. App. 2015) ("[W]e may reject an agency's interpretation of its regulations if the language of the regulation compels a different meaning. . . . Indeed, where a regulation plainly requires a different interpretation, '[t]o defer to the agency's position would be to permit the agency, under the guise of interpreting a regulation, to create de facto a new regulation.'" (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 588 (2000)). Under Colorado law, conclusory agency interpretations like these receive no deference. *See Kennett v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232, 1244 (D. Colo. 2015) (refusing to defer to a formal CDLE opinion letter because it was "conclusory, contrary to the plain meaning of the [Wage Order] and disclaimer-riddled . . . ."); *see also Ward v. Allstate Ins. Co.*, 45 F.3d 353, 355-56 (10th Cir 1994) (Under Colorado state law, "[a]gency interpretation is not binding, and if an agency misconstrues a statute, the court should not follow."); *Arapahoe Cty. Public Airport Authority v. Centennial Express Airlines, Inc.*, 956 P.2d 587, 592-93 (Colo. 1998) (refusing to defer to a formal opinion letter because it was "brief", contained no "analysis" and failed to cite any authority).

---

[2] According to Continuum, Defendant Developmental Pathways is a Community Centered Board and it is "a direct care services organization." *See* Ex. 1, Continuum 30(b)(6) at 9:22 to 10:9.

Moreover, if the letter is an attempt to create a standalone exemption from the Wage Order, it cannot stand. The CDLE lacks the authority to create exemptions to regulations through private correspondence without ensuring due process or following the notice and comment procedures detailed in the State Administrative Procedure Act (APA). The Colorado Constitution, which provides that "[n]o person shall be deprived of life, liberty or property, without due process of law", bars the CDLE from secretly creating exemptions to regulations without due process. Colo. Const. art. II, § 25; *see* U.S. Const. amend. XIV, § 1 (requiring same). That is, to the extent that the CDLE dramatically alters the rights of large numbers of employees through rule-making, it must comply with due process requirements, not simply send a letter to an employer to tuck away in its files. The APA provides certain specific procedures that ensure due process in rule-making. *See Nat'l Camera, Inc. v. Sanchez*, 832 P.2d 960, 964 (Colo. App. 1991) ("the broad, remedial purpose of administrative procedure acts is to provide comprehensively for due process in administrative proceedings.") (citing *Wong Yang Sung v. McGrath*, 339 U.S. 33, 70 (1950)); *see also* C.R.S. § 24-4-103 (requiring notice, comment, and publication for rulemaking).

Finally, even if the letter somehow had legal effect as a standalone wage order when it was written, it has been superseded. 7 C.C.R. § 1103-1 ("This Wage Order shall supersede all previous Wage Orders.").

## V.    CONCLUSION

For the foregoing reasons, the motion should be granted and partial summary judgment as to liability should be entered against Continuum for Plaintiff's 12-hour overtime claim.

Respectfully Submitted,

s/Alexander Hood
Alexander Hood
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Brian D. Gonzales
The Law Offices of Brian D. Gonzales
2580 E Harmony Road
Suite 201
Fort Collins, CO 80528
Tel.: 970-214-0562
Fax: 303-539-9812

*Attorneys for the Plaintiff*

**Certificate of Service**

I hereby certify that on November 19, 2018 I filed a true and correct copy of the forgoing using this Court's CM/ECF filing system, which served the forgoing on all parties that have appeared pursuant to Fed. R. Civ. P. 5.

s/Alexander Hood
Alexander Hood