**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:16-cv-01804–PAB-NRN

FLAVIE BONDEH BAGOUE, and those similarly situated

           Plaintiffs,

v.

DEVELOPMENTAL PATHWAYS, INC. and
CONTINUUM OF COLORADO, INC.,

           Defendants.

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S 12-HOUR OVERTIME CLAIM

---

Developmental Pathways, Inc. ("Development Pathways") and Continuum of Colorado, Inc. ("Continuum") (collectively, "Defendants") by and through their undersigned counsel, respectfully submit this opposition to plaintiff's Fed. R. Civ. P. Rule 56(b) motion seeking partial summary judgment (Docket No. 99)[1] as to liability against Continuum for plaintiff's 12-hour overtime claim under the Colorado Minimum Wage Order (the "Wage Order").

### **PRELIMINARY STATEMENT**

The Court should deny plaintiff's motion for partial summary judgment because she has failed to establish as a matter of law that Continuum is an employer covered by the Wage Order. As discussed below and in Defendants' motion for summary judgment (Docket No. 98), Continuum is not within the four industries covered by the Wage Order because its business as a

---

[1] All citations to "Docket No." refer to documents previously filed in this matter on the District of Colorado's CM-ECF filing system so as not to attach exhibits previously filed with this Court in accordance with D.C.Colo.LCivR 56.1(c).

Program Approved Service Agency – providing services to people with intellectual and developmental disabilities – does not fit the definition of any of the four industries covered by the Wage Order.

Plaintiff asks this Court to expand the Wage Order's definition of the Health and Medical industry, to overlook the definition's common theme, and to determine that an employer is covered by the Wage Order based on the job tasks performed by some of its employees. This approach was previously rejected by this court and should be rejected again, because plaintiff did not, and cannot, present evidence that Continuum offers any healthcare or medical services to the general public. Like the definitions of the "Food and Beverage" industry and the "Commercial Support Service" industry, the definition of the "Health and Medical" industry must be read as a whole. The record is clear that Continuum's operations consist of a broad range of services designed to support people with intellectual and developmental disabilities, and that the job tasks on which Plaintiff bases her argument are performed exclusively for the individuals with intellectual and developmental disabilities eligible for care in one of Continuum's group homes.

Accordingly, this Honorable Court should deny plaintiff's motion in its entirety, and grant summary judgment in favor for Continuum as to all of plaintiff's claims under the Wage Order because Continuum has established as a matter of law that it is not an employer within the Wage Order's four industries.

## RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

<u>Plaintiff's 1</u>. *Continuum operates group homes for developmentally disabled persons in Colorado. Ex. 1, Continuum 30(b)(6) at 9:19-10:9.*

**Response 1.** Defendants admit paragraph 1.

<u>Plaintiff's 2</u>. *Plaintiff was employed by Continuum as a "life skills specialist" from October*

9487753v.1

*2006 to June 2016. Ex. 2, Bagoue Dec. ¶ 1.*

**Response 2.** Defendants deny paragraph 2 as drafted and clarify that plaintiff was originally employed as a Life Skills Specialist by Developmental Pathways and then solely by Continuum commencing in 2012, as Developmental Pathways and Continuum became separate and distinct legal entities in 2012. *See* Docket No. 98 – Exhibit "D" (Defendants' Answer to Amended Complaint) at ¶¶ 5-6; Exhibit "A" (Continuum Deposition Transcript) at 21:16-22:17.

Plaintiff's 3. *Life skills specialists are responsible for providing day-to-day care for the disabled residents of Continuum's facilities. Ex. 1, Continuum 30(b)(6) at 73:5-79:9 (describing duties of a life skills specialists [sic]).*

**Response 3.** Defendants deny paragraph 3 as drafted and clarify that a life skills specialist's principal job duties are to provide day-to-day care for residents at Continuum's homes, which consist of tasks such as: cooking meals, cleaning the house, taking residents to doctors' appointments and to church, grocery shopping, and other like needs. *See* Docket No. 98 – Exhibit "A" (Continuum's Deposition Transcript) at 73:5-10; Exhibit "E" (Plaintiff's Deposition Transcript) at 40:19-41:7.

Plaintiff's 4. *Plaintiff frequently worked more than 12 consecutive hours for Continuum Ex. 2, Bagoue Dec. ¶¶ 5-7, 11-12; Ex. A to Ex. 2.*

**Response 4.** Defendants deny paragraph 4 as drafted and seek to provide clarification as to the word "frequently" used therein. During what is referred to as the "2.5 Day Shift," Plaintiff was scheduled to be at the Nevada House for a 56-hour period. During this period, Plaintiff was scheduled to work 40-hours while both she and the residents were awake. These 40 hours consisted of two 16-hour work shifts and one 8-hour work shift. *See* Docket No. 98 – Exhibit "A" (Continuum's Deposition Transcript) at 61:21-62:2.

Plaintiff's 5.  *Plaintiff was not paid overtime for hours worked in excess of 12 consecutive hours. Ex. 2, Bagoue Dec. ¶ 12.*

**Response 5.**  Defendants admit paragraph 5 to the extent that this paragraph is intended to address occasions where plaintiff worked 12 or more consecutive hours that did not amount to more than a total of 40 hours worked in a workweek.

Plaintiff's 6.  *Continuum provides health and medical services to the disabled residents in its group homes. Ex. 1, Continuum 30(b)(6) at 38:3 to 38:8 (nurses on staff provide services to residents), 50:2-51:8 ("Q: ... [S]o there is some coordination of care and there is some providing of care? A. Correct."), 75:13-79:14 (listing medical and health services provided by Defendants).*

**Response 6.**  Defendants deny paragraph 6. Continuum is a statutorily-defined service agency that provides services to individuals with developmental disabilities such as family support, respite care residential services, transportation, day programs, employment services, and other services to support people with intellectual or developmental disabilities. *See* Docket No. 98 – Exhibit "C" (Declaration of Cindy Dutton) at ¶ 15. Continuum is not a hospital, home health care provider, a hospice center, a nursing home or a mental health center nor does Continuum provide medical, dental, surgical, or other similar health services to its clients. *See id.* at ¶ 14.

## ARGUMENT

### I. CONTINUUM IS NOT IN THE "HEALTH AND MEDICAL" INDUSTRY

Under Colorado law, the "primary objective of statutory construction 'is to effectuate the intent of the General Assembly by looking to the plain meaning of the language used, considered within the context of the statute as a whole.'" *Blanco v. Xtreme Drilling and Coil Servs., Inc.*, 2017 WL 951150, at *2 (D. Colo. Mar. 8, 2017) (citing *Salazar v. Butterball, LLC*, 644 F.3d 1130, 1143 (10th Cir. 2011) (quoting Bly v. Story, 241 P.3d 529, 533 (Colo. 2010)). "If the language is

ambiguous, Colorado courts look beyond that language 'for other evidence of legislative intent and purpose, such as legislative history or other rules of statutory construction.'" *Id*. (citing *Salazar*, 644 F.3d at 1143-44) (quoting *Crandall v. City and Cnty. of Denver*, 238 P.3d 659, 662 (Colo. 2010)). "In construing particular terms, Colorado courts 'consider the context of the term at issue and construe it consistently with other terms in the statutory framework.'" *Id*. (citing *Boulder Cty. Bd. of Comm'rs v. HealthSouth Corp.*, 246 P.3d 948, 951 (Colo. 2011)).

Like the definitions of the Food and Beverage industry and the Commercial Support Service industry, the definition of the Health and Medical industry must be read "as a whole." *Id*. at *3 (citing *Salazar*, 644 F.3d at 1144). The Wage Order defines the Health and Medical industry as follows:

> (D) **Health and Medical:** any business or enterprise engaged in providing medical, dental, surgical or other health services including but not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

7 C.C.R. § 1103-1:2(D).

The examples of Health and Medical businesses identified in the Wage Order include "medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers." 7 C.C.R. § 1103-1:2(D). Notably, each of the definition's Health and Medical employers share an important similarity – they all provide health and medical services <u>to the general public</u>. The common theme of offering health and medical services to the general public confirms that the Wage Order's Health and Medical industry is only applicable to employers that are in the business of providing such services to the general public. *See Cartier v. W. Elec. Coordinating Council*, 2015 WL 3581346, at *5 (D. Colo. June 9, 2015) (explaining that the courts cannot ignore the common theme of the Wage Order's list of specific occupations within its four

5

industries when determining whether an employer is covered thereunder); *see also Salazar v. Butterball, LLC*, 644 F.3d 1130, 1144 (10th Cir. 2011) (analyzing the commonality among the examples listed in the Wage Order's definition of the food and beverage industry in ultimately determining that the defendant was not an employer covered under the Wage Order).

Continuum does not provide health or medical services to the general public. Rather, Continuum provides a broad range of services to support people with intellectual and developmental disabilities who are eligible for such services pursuant to C.R.S. § 25.5-10-211. *See* Docket No. 98 – Exhibit "C", at ¶ 7. Continuum is <u>not</u> a hospital, home health care provider, hospice center, nursing home or mental health center nor does Continuum provide medical, dental, surgical, or other similar health services to its clients. *See id.* at ¶ 14. Rather, Continuum is a statutorily-defined service agency that provides family support, respite care, residential services, transportation services, day programs, employment services, and other services designed to support people with intellectual or developmental disabilities. *See id*. at ¶ 15; *see also* Plaintiff's Motion (Docket No. 99), at p. 4 ("Q. What is the nursing team? A. We have a health services manager and then we have two LPNs and a medical assistant. They oversee and coordinate with the supervisors the medical needs <u>of the individuals in our care.</u>") (emphasis added). Plaintiff offers absolutely no evidence, nor can she, that Continuum offers any health or medical care to the general public and consequently, her motion must be denied because Continuum is not a Health and Medical industry employer covered by the Wage Order.

Plaintiff's interpretation of the Wage Order has been rejected in this jurisdiction, where courts have held that the definitions of covered industries are read to reach only those businesses that provide such services to the general public. *See Menocal v. GEO Group, Inc.*, 113 F. Supp. 3d 1125, 1130 (D. Colo. 2015) ("[T]he CMWO requires that the business at issue offer services in

some capacity to the general public."); *Salazar*, 644 F.3d at 1144 (holding that in order to be an employer covered under the Wage Order' definition of the Food and Beverage industry, an employer must prepare or sell food directly to the consuming public).

Whether an employer is within one of the Wage Order's four industries turns on whether the employer's operations fit one of the industry definitions: not whether any of its employees perform tasks that could be provided in a covered-industry. *See Blanco v. Xtreme Drilling and Coil Services, Inc.*, 2017 WL 951150, at *3 (D. Colo. Mar. 8, 2017) ("[I]n analyzing whether the Wage Order applies to a particular employer, courts look to whether the employer's operations fit the industry definition, not whether any of the company's employees perform services that may be supplied to a particular industry.") (citation omitted); *see also Salazar*, 644 F.3d at 1144 n.12 (holding that the defendant business was not an employer within the food and beverage industry despite the fact that it occasionally sold items produced at its plant directly to employees because the business' actual operations were to sell products to restaurants and grocery stores, not the end consumer).

Unlike medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, Continuum's operations are focused on providing services to individuals with intellectual and developmental disabilities, including family support, respite care, residential services, transportation services, day programs, employment services, and other similar services. *See* Docket No. 98 – Exhibit "C", at ¶ 15.  Likewise, unlike the example businesses set forth in the Wage Order's definition of the Health and Medical industry, Continuum does not offer any health or medical services to the general public, but rather, offers services only to persons with intellectual and developmental disabilities eligible to receive such services pursuant to C.R.S. 25.5-10-211. *See id.* at ¶¶ 7 & 14.

Plaintiff's application of the Wage Order would produce an absurd result and cannot be read in harmony with the statutory framework as a whole. Specifically, plaintiff seeks to expand the Health and Medical industry to include any employer whose employees perform tasks that are provided in that industry, notwithstanding such employers' actual operations. For instance, under plaintiff's application, a school would fall within the Health and Medical industry if it merely employed a school nurse who performed certain healthcare tasks for students despite the school's actual operations of providing education to its students. This strained application of the Wage Order would expand the definition of the Health and Medical industry definition to reach employers in almost any industry.

Because Continuum does not offer health or medical services to the general public, and because Continuum is not in the business of providing such services generally, Continuum is not covered under the Wage Order, and plaintiff's motion for partial summary judgment should be denied in its entirety.

## II. PLAINTIFF OFFERS NO BASIS FOR REJECTING THE COLORADO DEP'T OF L&E'S OPINION LETTERS OR THE 2012 ADVISORY BULLETIN

Continuum does not rely upon the Colorado Dep't of L&E's two opinion letters (Docket No. 98 – Exhibits "J" and "K"), nor its 2012 Advisory Bulletin (Docket No. 98 – Exhibit "I"), to create an exemption from the scope of the Wage Order. Continuum is simply not an employer within any of the Wage Order's four industries, which necessitates a finding that Continuum is not covered thereunder regardless of the Colorado Dep't of L&E's documents confirming the same.

These Colorado Dep't of L&E documents do not create any new exemptions from the Wage Order for Continuum, but simply confirm and clarify that Continuum is not covered by the Wage Order because its business as a state-designated service agency does not fit the definition of the Health and Medical industry. *See Smith v. Mountain Valley Developmental Services, Inc.*, Case

8

No.: 2018-cv-30026. (Colo. Dist. Ct. Apr. 12, 2018) (Docket No. 98 – Exhibit "H"). Accordingly, Colorado's Administrative Procedure Act does not come into play here because there has been no rulemaking that has altered the terms of the Wage Order – Continuum is simply not an employer within the Wage Order's scope.

This Court should reject plaintiff's bald assertion that the Colorado Dep't of L&E's opinion letters and 2012 Advisory Bulletin "should be ignored as a matter of law" and "are simply wrong and should be given no weight" (Plaintiff's Motion (Docket No. 99) at p. 5), because Plaintiff does not offer any analysis or argument in support of these suppositions, notwithstanding the string cite of cases, which are either not relevant or inapposite to the case at bar. For example, plaintiff includes *Kennet v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232 (D. Colo. 2015) in her string cite. In *Kennet*, the Court acknowledged that agencies' opinion letters are generally owed substantial deference, but the opinion letter at issue there was riddled with infirmities, including, the numerous disclaimers set forth therein, the lack of any relevant analysis or even discussion of the Wage Order, numerous typographical errors, and the fact that the plain text of the exemption at issue contained language expressly contrary to the Colorado Dep't of L&E's opinion in the letter. *See Kennet v. Bayada Home Health Care, Inc.*, at 1243-44 (D. Colo. 2015).

Plaintiff also cites to *Ward v. Allstate Ins. Co.*, 45 F.3d 353, (10th Cir. 1995). The Court in *Ward* did not ignore the opinion letter as plaintiff requests here, but rather, concluded that the agency's interpretation of Colorado's "no fault" automobile insurance statute was to be treated as "persuasive authority" for purposes of the Court's own analysis. *See Ward v. Allstate Ins. Co.*, at 356 (10th Cir. 1995). Similarly, the citation to *Rags over the Arkansas River, Inc. v. Colorado Parks & Wildlife Board*, 360 P.3d 186 (Colo. App. 2015) is misplaced because in that case, the court was presented with an agency's interpretation that was contradictory to the plain language

9

of the regulation. That court recognized the agency's error in its unsupported attempt to argue that the word "shall" does not mean "shall" despite its plain and ordinary meaning. *See id*.

Finally, plaintiff's citation to *Arapahoe Cnty. Pub. Airport Auth. v. Centennial Express Airlines, Inc.*, 956 P.2d 587 (Colo. 1998), does not support her position that the Court should summarily disregard the Colorado Dep't of L&E's 2012 Advisory Bulletin and opinion letters. In *Centennial Express*, the court dealt with a federal agency's letter that was brief, contained no analysis of the preemption law at issue, and even noted that "insufficient information" was submitted to it before issuing its opinion letter. *See* 956 P.2d at 592-93.

None of the individualized factors at issue in the cases cited by plaintiff are present here and consequently, these cases should carry no weight in the deference to be given to the 2012 Advisory Bulletin and the Colorado Dep't of L&E's opinion letters. Here, the Colorado Dep't of L&E's documents are well reasoned and supported by the plain reading of the Wage Order. *Compare* Docket No. 98 – Exhibits "I", "J", & "K" *with* 7 C.C.R. § 1103-1:2(D). Moreover, the Colorado Dep't of L&E did not create any new exemptions for Defendants constituting improper agency action. Indeed, applying the plain text of the Wage Order, just as plaintiff requests, confirms that Continuum is not a business within any of the four industries as defined by the Wage Order and therefore, plaintiff's claims thereunder fail as a matter of law.

## CONCLUSION

Defendants respectfully request that plaintiff's motion for partial summary judgment be denied in its entirety. Continuum, as a state-designated service agency providing services to intellectually and developmentally disabled individuals is not a business that falls within the Wage Order's definition of the Health and Medical industry because it does not offer any health or medical care to the general public nor is it in the business of providing such services generally.

Therefore, plaintiff has wholly failed to carry her burden and establish, as a matter of law, that Continuum is an employer subject to the Wage Order's requirements for payment of an overtime premium for consecutive hours worked in excess of 12 hours. Further, Defendants respectfully request that the Court grant summary judgment in their favor because they are not employers covered by any of the industries identified in the Wage Order as demonstrated by Defendants' motion for summary judgment. *See generally* Docket No. 98.

Dated: December 10, 2018
         Denver, Colorado

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: / s /  *Scott D. Sweeney*
Celena R. Mayo
Scott D. Sweeney
Justin A. Guilfoyle
1225 17th Street, Suite 2750
Denver, Colorado 80202
Tel: (303) 572-5300
Fax: (303) 572-5301
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2018, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court using the CM/ECF system, and served on all counsel of record.

By: /s/ Scott D. Sweeney
     Scott D. Sweeney