IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-01804-PAB-NRN

FLAVIE BONDEH BAGOUE, and those similarly situated,

    Plaintiff,

v.

DEVELOPMENTAL PATHWAYS, INC. and
CONTINUUM OF COLORADO, INC.,

    Defendants.

# ORDER

This matter is before the Court on Plaintiff's Motion for Approval of *Hoffman-LaRoche* Notice [Docket No. 85]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Defendants operate group homes focused on providing care for developmentally disabled adults. Docket No. 33 at 2, ¶ 6-7. For approximately ten years, plaintiff was employed by defendants as a "Life Skills Specialist." *Id.* at 1-2, ¶¶ 5-6. By the end of her employment, plaintiff's work consisted almost entirely of 56-hour shifts at the Nevada Group Home, one of several facilities operated by defendants. *Id.* at 2, ¶¶ 6-9.

While employed with defendant, plaintiff worked under the "Continuous Shift Policy," whereby an employee worked approximately fifty-six consecutive hours before

---

[1]The facts below are taken from plaintiff's amended complaint, Docket No. 33.

being relieved by another employee. *Id.* at 3, ¶ 15. Plaintiff states that she was only paid for forty of the fifty-six hours she worked for each shift. *Id.* at 5, ¶ 30.

Plaintiff alleges that defendants failed to adequately compensate plaintiff for certain categories of time including time spent communicating with other workers at the beginning and end of her shifts, *id.* at 5, ¶¶ 34-35; sleep time, which was regularly interrupted such that plaintiff did not usually get five hours of continuous and uninterrupted sleep, *id.* at 9, ¶ 59; and extra time worked as a result of the change to daylight savings time. *Id.*, ¶¶ 60-61. Plaintiff also alleges that the sleeping facilities provided by defendants were inadequate because they were not private quarters, separated from the residents of the group home. *Id.* at 10, ¶ 66-67. Plaintiff claims that the staff room set aside for sleeping did not have amenities for recreation, offered little privacy, was illuminated by hallway lights, and that the residents of the group home would enter her sleeping quarters without permission. *Id.* at 10-12, ¶¶ 66-74. Plaintiff states that she never entered into a formal agreement with defendants to deduct sixteen hours of sleep time from her paychecks. *Id.* at 12, ¶ 76. Plaintiff alleges that, "on several occasions [she] objected to Defendants' failure to compensate her for the nighttime hours during her Continuous Shifts." *Id.* at 13, ¶ 81.

On July 14, 2016, plaintiff filed this action. Docket No. 1. Plaintiff seeks relief under the Colorado Minimum Wage Act, Colo. Rev. Stat. §§ 8-4-101, et seq., and Colorado Minimum Wage Order, 7 Colo. Code Regs. § 1103-1 (first claim for relief); under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. (second claim for relief); and equitable relief under Colorado law (third claim for relief). Docket No. 33 at

18-21, ¶¶ 114-35. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), alleging that members of the potential collective all suffered from defendants' policies of (1) not paying for night duty work, (2) not paying for an extra hour on the night of daylight savings, and (3) not paying for time at the beginning and end of each shift where employees were required to pass along information to workers on the next shift. *Id*. at 17-18, ¶¶ 110-13.

On August 22, 2018, plaintiff moved for conditional collective certification on the FLSA claim. Docket No. 85. Plaintiff also requests that the Court approve her proposed notice plan. Docket Nos. 85-2 and 85-3. Defendants oppose the motion. Docket No. 93.

## II. ANALYSIS

### A. Conditional Certification

Plaintiff asks the Court to conditionally certify this case as a collective action pursuant to § 216(b) of the FLSA, which provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added). There is a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).[2] A

---

[2] *Thiessen* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Because the ADEA adopts the

3

court's initial certification comes at the notice stage, where courts determine whether plaintiffs are similarly situated for purposes of sending notice to putative class members. *Id.* at 1102. Plaintiff is required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.*; *see also Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *4 (D. Colo. Dec. 14, 2012). This is a "lenient" standard, *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007). The second stage, which comes at the conclusion of discovery, applies a stricter standard of "similarly situated," including application of at least four factors, to determine whether the case can proceed as a collective action. *Thiessen*, 267 F.3d at 1102-03.

      Plaintiff seeks to represent a class consisting of "[a]ll current and former employees who worked for either [d]efendant under the Continuous Shift Policy at any time from July 14, 2013 to present." Docket No. 85 at 5. Plaintiff claims that, under the Continuous Shift Policy, defendants failed to pay her and other employees working under the Continuous Shift Policy for sixteen of the fifty-six hours worked on each shift. Docket No. 33 at 5, ¶ 30. Plaintiff further alleges that the other members of the class are similarly situated because they were subject to the same policy. *Id*. at 18, ¶ 113.

---

collective action mechanism set forth in FLSA § 216(b), courts apply *Thiessen* to FLSA collective actions. *See Kaiser v. At The Beach, Inc.*, 2010 WL 5114729, at *4 n.9 (N.D. Okla. Dec. 9, 2010); *see also Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

The Court finds that plaintiff has provided substantial allegations that the putative collective members were subject to a single decision, policy, or plan. *See Thiessen*, 267 F.3d at 1102-03. Defendants admit that "Life Skills Specialists" like plaintiff were required to be present at the group home for fifty-six hours and were paid for only forty of those hours under the Continuous Shift Policy. *See* Docket No. 85-1 at 6. Defendants further admit that approximately forty-nine employees were subject to this policy. *See id*. At the initial stage, these allegations are enough to authorize notice to putative class members.

Defendants make several objections. First, defendants object that plaintiff has not provided sufficient evidence to meet her burden. However, plaintiff offers defendants' own answers to interrogatories to support her allegations. *See* Docket No. 85-1. While plaintiff, in her deposition, stated that she believed that some employees at some group homes subject to the Continuous Shift Policy were actually compensated for all hours worked, plaintiff's speculation does not defeat defendants' responses to interrogatories establishing that forty-nine employees were covered by the same Continuous Shift Policy. It is a question for the second stage of collective action certification whether all employees subject to the policy were, in fact, similarly situated.

Second, defendants contend that plaintiff's allegations are rooted in the "specific arrangements and individualized needs of the residents at Nevada House," rendering her dissimilar to other potential plaintiffs subject to the Continuous Shift Policy. *See* Docket No. 93 at 9. As plaintiff points out, however, this too is a question for the second stage of certification, after the parties can identify and conduct discovery related

to the opt-in plaintiffs.[3] *See Thiessen*, 267 F.3d at 1103. Ultimately, if the opt-in plaintiffs are not found to be similarly situated, then the collective will not be certified.

Plaintiff has presented substantial allegations that members of the putative collective were subject to a single policy – the Continuous Shift Policy – that violated the FLSA. Those allegations satisfy the "lenient" standard for the first stage of collective action certification. *See Baldozier*, 375 F. Supp. 2d at 1092. Thus, the Court conditionally certifies a collective action consisting of all current and former employees who worked for either defendant under the Continuous Shift Policy at any time from July 14, 2013 to the present.[4]

### B. Notice to Conditional Class

Once the Court concludes that conditional certification of an FLSA collective action is appropriate, the Court may authorize plaintiff to disseminate a proper notice and opt-in consent form to putative class members. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Court has broad discretion regarding the details of the notice sent to potential opt-in plaintiffs. *Hoffmann-LaRoche*, 493 U.S. at 171. "The overarching

---

[3] Of note, a review of the Court's docket indicates that at least three individuals have already opted in as plaintiffs. *See* Docket Nos. 83, 87.

[4] Defendants contend that the Court should decline to rule on this motion pending the resolution of the motions for summary judgment, Docket Nos. 98 and 99, as ruling on this motion would expend "significant judicial resources." Docket No. 93 at 13-14. The Court, however, considers it more efficient to rule on the collective certification motion at this juncture.

policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal citations and quotations omitted).

The proposed Notice contains the necessary information. Docket No. 85-3. The Notice informs putative class members of the parties involved, the parties' general allegations, information about the collective action designation, how to opt in, and the potential obligations or consequences for putative class members who choose to opt in or not. *See id.* at 1-4. In addition, the Notice provides that opt-in plaintiffs must return consent forms to plaintiff's counsel by a certain date; though the Notice is currently blank, plaintiff requests that the date for returning the consent form be set as sixty days from the date of the Notice. *Id*. at 3, ¶ 11; Docket No. 85-2 at 2, ¶ 5.

Defendants raise two objections to the proposed Notice. First, defendants contend that the Notice should be modified to remove references to a "class" action. Docket No. 93 at 9-10. Plaintiff agrees to this suggestion. Docket No. 94 at 4. Accordingly, the proposed Notice shall be modified to replace the word "class" with "collective" throughout. Second, defendants argue that plaintiff's proposed service methods are excessive and should be curtailed. Plaintiff requests to send notice by First Class U.S. Mail, text message, and email. Docket No. 85-2 at 2, ¶ 4. Plaintiff also requests that defendants "post the notice at each of their group homes in a location where postings are made to provide notice to employees," and that plaintiffs be allowed to send one reminder notice by U.S. Mail, email, or text message, whichever is most

cost effective. *Id*., ¶¶ 4-5. Plaintiff argues that "[d]ue to the transience of the modern workforce, notice by U.S. Mail alone creates a significant risk that notice will not be received." *See* Docket No. 94 at 6. The Court finds, as it has in previous cases, that sending notice by all three methods is likely to "increase the probability of apprising collective action members of their rights." *See Lindsay v. Cutters Wireline Serv., Inc.*, No. 17-cv-01445-PAB-KLM, 2018 WL 4075877 at *3 (D. Colo. Aug. 27, 2018). However, the Court will not require defendants to post the Notice at the group homes, because plaintiff has failed to show that posting "will reach a wider audience than mailing." *See Nelson v. Firebirds of Overland Park, LLC*, 2018 WL 3023195, at *7 (D. Kan. June 18, 2018). And the Court will not authorize a reminder notice, as a reminder notice may "improperly suggest the Court's endorsement of [p]laintiff's claims." *See Fenley v. Wood Group Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074-75 (S.D. Ohio 2016); *see also Whittington v. Taco Bell of America, Inc.*, No. 10-cv-01884-KMT-MEH, 2012 WL 1622457, at *2 (D. Colo. May 9, 2012) (noting that "even the mere appearance of judicial endorsements of the merits of this action is improper" (internal quotations and alterations omitted)). Plaintiff has not demonstrated that a reminder notice is necessary in this case.

Because the Court finds that the proposed Notice would provide "accurate and timely notice" to potential plaintiffs, the Court will approve the Notice and service plan as modified by this order. *See Whitehorn*, 767 F. Supp. 2d at 450.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Approval of *Hoffman-LaRoche* Notice [Docket No. 85] is **GRANTED IN PART** and **DENIED IN PART**.  It is further

**ORDERED** that:

1. This action shall be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).  The class is defined as follows:

> All current and former employees who worked for either defendant under the Continuous Shift Policy at any time from July 14, 2013 to the present.

2. The proposed Notice [Docket No. 85-4] is approved as modified by this order.

3. Within twenty-one days, defendants shall provide to plaintiff's counsel a list of all potential class members in a computer-readable format.  The list shall include each potential class member's dates of employment, location worked, last known U.S. Mail address(es), email address(es), and telephone numbers.

4. Within twenty-one days after receiving this list from defendants, plaintiff shall send the Notice by First Class U.S. Mail, email, and text message to the last known address, email address, and phone number of each of the individuals identified on the above-referenced list.

5. Any individuals to whom notice is sent shall "opt in" by returning the necessary documents to plaintiff's counsel within sixty days from the date of the Notice.

DATED March 25, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge